INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, and its LOCAL 899, UAW, Plaintiffs, Appellants,

v.

ATLAS TACK CORPORATION et al., Defendants, Appellees.

No. 78-1336.

United States Court of Appeals, First Circuit.

Argued Dec. 4, 1978.
Decided Jan. 15, 1979.

---

Claude D. Montgomery, Detroit, Mich., with whom John A. Fillion, M. Jay Whitman, Detroit, Mich., and Segal, Roitman & Cole, Boston, Mass., were on brief, for plaintiffs, appellants.

Edward Brodsky, New York City, with whom Spengler, Carlson, Gubar, Churchill & Brodsky, New York City, were on brief, for defendants, appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

This case involves a claim by the International Union, UAW and its Local 899 (Union) that the Atlas Tack Corporation (Atlas) improperly terminated a pension plan covering the Union's members. The Union sought to premise federal jurisdiction on § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The district court, after hearing and full consideration, dismissed the action for lack of subject matter jurisdiction.

The pension plan was part of a collective bargaining agreement between the parties which terminated on June 30, 1972. The parties' efforts to reach a new agreement failed, and impasse was reached in August 1972. The parties continued to operate in a manner consistent with the terms and conditions of the expired agreement until September 26, 1972, when Atlas unilaterally instituted a new wage rate schedule consistent with Atlas' last bargaining position. A few months later, Atlas unilaterally terminated the pension plan and distributed the assets of the plan's trust fund to the beneficiaries. The Union claims that this termination of the pension plan violated Atlas' obligations to members of the bargaining unit.

The Union on appeal makes two arguments in support of its claim that the district court had jurisdiction under § 301. It argues first that Atlas' unilateral imposition of the revised wage schedule was an offer and that the employees by their continued performance accepted this offer, binding Atlas to its terms. The Union, in framing this common-law unilateral contract theory, does not contend merely that Atlas thereby became bound to the new wage schedule. It contends that because Atlas, at the time it instituted the new wage schedule, was continuing in effect the previous terms and conditions of employment—including the pension plan—the unilateral "offer" incorporated all of those other terms along with the wage schedule. It is the resulting unilateral contract that the

Union claims Atlas violated when it terminated the pension plan.

 This theory does not support the Union's position regarding § 301 jurisdiction. Even assuming this unilateral contract theory were applicable in the labor relations context at all, it would give rise to individual contracts between Atlas and the employees, not a collective contract between Atlas and the Union. The Union does not claim that it accepted the offer, but rather that the employees accepted it by their performance as individuals. Even under the unilateral contract theory, therefore, no contract "between an employer and a labor organization," 29 U.S.C. § 185, could have arisen. *See generally J. I. Case Co. v. NLRB,* 321 U.S. 332, 334–39, 64 S.Ct. 576, 88 L.Ed. 762 (1944).[1]

The second argument in support of jurisdiction that the Union makes on appeal is that the pension plan is enforceable under § 301 merely by virtue of being a collectively-bargained pension plan and notwithstanding that the collective bargaining agreement has expired. The Union relies upon our recent opinion in *Hoefel v. Atlas Tack Corp.,* 581 F.2d 1 (1st Cir. 1978).

 The basis for jurisdiction in *Hoefel* does not, however, warrant jurisdiction here. In *Hoefel* individual retirees whose pension rights under a collectively-bargained pension plan had vested before the plan was altered or terminated were suing to enforce their vested rights. Here the Union is not suing to compel Atlas to honor pension rights that vested during the term of the expired collective bargaining agreement.[2] Instead, the Union is claiming that Atlas must continue the pension plan in effect *in toto,* even as to employees whose pension rights have not vested, notwith-

standing that the collective bargaining agreement of which the pension plan was a part has terminated. We cannot agree that § 301 covers such an action. The mere fact that a past collective bargaining agreement was the origin of a pension plan does not give a Union the right under § 301 to sue in federal court to prevent an employer from terminating that plan when no collective bargaining agreement requires it be continued.

*Affirmed.*

---

1. While we find the Union's unilateral contract theory unpersuasive on the merits, we note also that the Union did not raise the theory before the district court. Absent unusual circumstances not present here, we do not entertain on appeal theories that were not raised below. *See Gual Morales v. Hernandez Vega,* 579 F.2d 677, 681–82 (1st Cir. 1978); *Dobb v. Baker,* 505 F.2d 1041, 1044 (1st Cir. 1975).

2. Parts of the Union's oral argument before the district court may be read to so characterize the action. But the record indicates no basis upon which it can be seriously contended that the termination and distribution of assets violated the collective bargaining agreement or abridged vested pension rights, and the Union made no meaningful argument below along these lines. The Union has not so characterized the action on appeal.