**Emily B. LANE**

v.

**BOARD OF DIRECTORS OF MAINE SCHOOL ADMINISTRATIVE DISTRICT NO. 8, et al.**

Supreme Judicial Court of Maine.

Argued May 11, 1982.

Decided July 14, 1982.

Sunenblick, Fontaine & Reben, Stephen P. Sunenblick (orally), Portland, for plaintiff.

Drummond, Woodsum, Plimpton & MacMahon, Hugh G. E. MacMahon (orally), Portland, for defendants.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

ROBERTS, Justice.

This appeal involves the question of whether Emily Lane is entitled, pursuant to either 20 M.R.S.A. § 161(5) or her contract with the school district, to a hearing prior to the non-renewal of her teaching contract. Lane appeals from the judgment of the Superior Court that denied the relief sought in her complaint against the Board of Directors and the Superintendent of M.S.A.D. No. 8 for their failure to grant Lane's hearing request. We affirm the judgment of the Superior Court.

Lane was employed as a teacher for M.S.A.D. No. 8 for two distinct periods. She worked as a remedial reading teacher, pursuant to one-year contracts, during the 1971–1972 and 1972–1973 school years. In the summer of 1973, the plaintiff resigned from her teaching position. Upon reapplying for a teaching post in August 1979, Lane was hired as a social studies teacher. She worked under one-year contracts during the 1979–1980 and 1980–1981 school years. All four contracts were entitled "Probationary Teacher's Employment Contract."

In February 1981, the Superintendent notified Lane that he did not plan to nominate her for employment for the next school year and that consequently her employment would terminate on the expiration date of her contract, August 31, 1981. Following this notice of non-renewal, Lane wrote to the School Board in March 1981 seeking a hearing in accordance with 20 M.R.S.A. § 161(5) and her contract rights.

The Board rejected the request on the basis of the Superintendent's recommendation. That recommendation stated that as a probationary teacher Lane "is not entitled to a hearing under the collective bargaining agreement because the . . . agreement expired . . . in August, 1980." The recommendation also stated that Article VI(A)(5) of the agreement is invalid because it is in direct conflict with the statutory authority of the Superintendent under 20 M.R.S.A. § 161(5) and because it involves matters of non-negotiable educational policy.

Lane then filed a four-claim complaint in Superior Court asserting, *inter alia*, that Lane was entitled to a hearing under 20 M.R.S.A. § 161(5) and that the refusal to give her a hearing constituted "a breach of plaintiff's individual employment contract and the collective bargaining agreement." The Superior Court, on plaintiff's motion for summary judgment and following the submission of affidavits by both parties, ruled against Lane on both legal theories and entered judgment for the defendants.

I.

We turn first to Lane's contention that, under section 161(5), a teacher, after two non-consecutive years of service, is entitled to continuing contract status and therefore to a hearing if any subsequent contract is not renewed. The statute in question provides in pertinent part:

> After a probationary period of not to exceed 2 years, subsequent contracts of duly certified teachers shall be not for less than 2 years. . . . After a probationary period of 2 years, any teacher, who received notice in accordance with this section that his contract is not going to be renewed, may during the 15 days following such notification request a hearing with the school committee or governing board.

20 M.R.S.A. § 161(5) (Supp. 1965–1981). The Superior Court read this language as requiring that the probationary period be served in consecutive years. Since Lane

had yet to complete the requisite years of consecutive service prior to receiving notice that the Superintendent did not plan to renew her contract, the trial court concluded that Lane was not entitled to a hearing.[1]

Lane contends that the Superior Court's interpretation is in error because the statute's express limitation on the duration of a probationary period and its silence on the requirement that the period be served in consecutive years requires a finding that after service of any two years a teacher must, if retained, receive a continuing contract and the accompanying hearing right. We cannot adopt such an analysis of the statute.

■ The purpose of the probationary period is to allow for a length of time "during which [a teacher's] ability to perform satisfactorily is tested." *Chassie v. Directors of School Administrative District No. 36*, Me., 356 A.2d 708, 710 (1976). It aids the school authorities in carrying out their statutory duty of maintaining the quality of the school system. *See Board of Directors of Maine School Administrative District No. 36 v. Maine School Administrative District No. 36 Teachers Association*, Me., 428 A.2d 419, 422–23 (1981); *Benson v. Inhabitants of Newfield*, 136 Me. 23, 26–27, 1 A.2d 227, 229 (1938). In the instant case, Lane voluntarily left her teaching position in 1973 for personal reasons, returned after a lapse of five years to teach a different subject matter at a different grade level and accepted a probationary teacher's contract. Given these circumstances and the statutory purpose, we find that the Superior Court did not err in concluding that Lane was not entitled to a hearing under section 161(5).

We need not address and intimate no opinion on Lane's arguments that a school could voluntarily grant a continuing contract or that a teacher could otherwise acquire a hearing right in less than two consecutive probationary years.

1. The plaintiff did not complete her probationary period in 1973 because, at that time, section 161(5) required a three-year probationary period. *See* 20 M.R.S.A. § 161(5) (1965).

## II.

Lane next contends that she has a contractual right to a hearing under the terms of either the collective bargaining agreement or her individual teaching contract. Lane suggests, first that the terms of the collective bargaining agreement were incorporated by reference into her individual teaching contract and thus the hearing provision survived the expiration of the collective bargaining agreement. Second, she urges that the School Board could not make unilateral changes in the terms and conditions of the collective bargaining agreement; therefore, her contractual rights under the collective bargaining agreement continue despite the expiration of the agreement.

Lane asserts that the Superior Court found that the collective bargaining agreement was incorporated by reference into the individual teacher's contract but that it erred in its conclusion that this incorporation ceased at the time of the expiration of the collective bargaining agreement. We do not glean such a finding from the written decision of the trial court. The court merely concluded that since the collective bargaining agreement expired before the commencement of Lane's services under the individual contract, the plaintiff had no hearing right under the individual contract. The court then went on to examine whether Lane had any rights solely by virtue of the collective bargaining agreement.

■ We read the Superior Court's decision as concluding that no individual contract right by incorporation ever existed because the operative date of the individual contract was later than the express expiration date of the collective bargaining agreement. Moreover, the individual contract contains no express reference to or incorporation of the collective bargaining agreement. Lane's contract for the 1980–1981 school year provides that the contract was "subject to the statutes of the State of Maine and the rules and regulations of the School Director." It also provides that "salary may change when 80–81 Budget is approved and after final negotiations." The contract contains no reference to a hearing provision. Given the express operative dates as to the expiration of the collective bargaining agreement and the commencement of individual services, the lack of any reference to the collective bargaining agreement other than the oblique reference to salaries and the lack of any other evidentiary facts suggesting incorporation, we cannot conclude that the Superior Court erred in its finding that the individual contract did not incorporate any right to a hearing upon non-renewal of the probationary contract. See *M.S.A.D. No. 43 Teachers' Association v. M.S.A.D. No. 43 Board of Directors*, Me., 432 A.2d 395, 397–98 (1981); cf. *Local 1574, International Association of Machinists and Aerospace Workers v. Gulf & Western Manufacturing Co.*, 417 F.Supp. 191, 198 (D.Me.1976) (incorporation of pension plan into collective bargaining agreement).

■ After concluding that no hearing right existed within the terms of the individual contract, the Superior Court then examined whether a hearing right contained in the collective bargaining agreement survived the expiration of that agreement. Concluding that the hearing provision was a lawful albeit permissive subject of bargaining, the court determined that as a permissive subject, the hearing provision did not survive the expiration of the collective bargaining agreement. We need not reach the question of whether the provision in question is lawful or whether it is a mandatory or permissive subject of collective bargaining because we find that unilateral alteration of the terms of a collective bargaining agreement after the expiration of that agreement does not result, under the circumstances of this case, in a breach of contract.

■ It is a well-established rule of labor law that an employer may not unilaterally alter the terms and conditions of employment after the expiration of a collec-

tive bargaining agreement.[2] *See, e.g., NLRB v. Haberman Construction Co.*, 618 F.2d 288, 302–03 (5th Cir. 1980), *modified in part on rehearing en banc*, 641 F.2d 351 (1981); *Pasco County School Board v. Florida Public Employees Relations Commission*, 353 So.2d 108, 122–23 (Fla.Dist.Ct.App. 1977); *Appeal of Cumberland Valley School District*, 483 Pa. 134, 141, 394 A.2d 946, 950–51 (1978); *Easton Teachers Association v. Easton School Committee*, MLRB Case No. 79–14 at 3–5 (March 13, 1979). This rule, however, is not based upon contract law. It is based on the principle that unilateral alterations of the collective bargaining agreement are in contravention of the statutory duty to bargain in good faith. *See, e.g., NLRB v. Katz*, 369 U.S. 736, 742–43, 82 S.Ct. 1107, 1111, 8 L.Ed.2d 230, 236 (1962); *Easton Teachers Association v. Easton School Committee*, MLRB No. 79–14 at 3–5 (March 13, 1979). Unilateral changes have also been viewed as violative of the statutory proscription against interfering with the exercise of collective bargaining rights. *Appeal of Cumberland Valley School District*, 483 Pa. at 139, 394 A.2d at 949. *But see Appeal of Cumberland Valley School District*, 483 Pa. at 147–48, 394 A.2d at 953–54 (Pomeroy, J. concurring). Accordingly, when an employer initiates a unilateral change in violation of his statutory responsibilities, he commits an unfair labor practice. That action, however, does not necessarily result in a breach of contract. *Cf. Milwaukee Typographical Union No. 23 v. Madison Newspapers, Inc.*, 444 F.Supp. 1223, 1227 (W.D.Wis.1978) (court without jurisdiction to hear claim based on violation of expired contract because court can only hear contract claims; violation may be unfair labor practice cognizable by NLRB), *aff'd without opinion*, 622 F.2d 590 (7th Cir. 1980); *accord International Union, United Automobile, Aerospace & Agricultural Implement Workers v. Atlas Tack Co.*, 590 F.2d 384, 386 (1st Cir. 1979); *Rae v. United*

*Parcel Service*, 356 F.Supp. 465, 467–68 (E.D.Pa.1973).

In the instant case, Lane does not contend that the school authorities committed a prohibited labor practice under 26 M.R.S.A. § 964. Rather, she asserts that the collective bargaining agreement was breached. However, no contract was in existence at the time of the defendants' notification of non-renewal and refusal to grant a hearing. Inasmuch as Lane has limited her claim to that of breach of contract and no contract exists in the instant case, we hold that the Superior Court judgment for the defendant was not in error. We express no opinion on the questions of whether the hearing provision of the collective bargaining agreement was lawful or whether the term is a mandatory or permissive item of collective bargaining.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** Three generally recognized exceptions to this rule are (1) where bargaining has reached an impasse, (2) where the union has waived its right to insist on bargaining over the alteration and (3) where the change is required by law. *See Easton Teachers Association v. Easton*

*School Committee*, MLRB No. 79–14 at 5 (March 13, 1979); Note, *Application of the Mandatory-Permissive Dichotomy to the Duty to Bargain and Unilateral Action: A Review and Reevaluation*, 15 William and Mary L.Rev. 910, 932 (1973–1974).