**TEAMSTERS UNION LOCAL # 340**

and

**Ralph Dobson**

v.

**PORTLAND WATER DISTRICT.**

Supreme Judicial Court of Maine.

Argued Sept. 21, 1994.

Decided Dec. 19, 1994.

---

Howard J. Reben (orally), Sunenblick, Reben, Benjamin & March, Portland, for plaintiffs.

Peter Bennett, Frederick Finberg (orally), Herbert H. Bennett & Associates, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, and RUDMAN, JJ.

WATHEN, Chief Justice.

Plaintiffs, Teamsters Union Local # 340 and Ralph Dobson, appeal from a judgment entered in the Superior Court (Cumberland County, *Saufley, J.*) denying their application to compel arbitration of an employment grievance involving Dobson's employer, the Portland Water District ("District"). Because we conclude as an initial matter that the District has no obligation to arbitrate this grievance after the expiration of the collective bargaining agreement, we affirm without reaching the ground relied on by the Superior Court.[1]

The facts may be summarized as follows: In April and May of 1993, a number of Portland Water District employees, including Dobson, conducted informational picketing on Douglass Street in front of the District's headquarters to protest stalled collective bargaining negotiations. The prior collective bargaining agreement had expired in December of 1992. When the employees went to work, they put picket signs on their cars and parked them on Douglass Street in violation of the District's written parking policy that prohibited parking on Douglass Street dur-

---

1. The Superior Court determined that the decision by the Maine Labor Relations Board dismissing plaintiffs' prohibited practices complaint represents a final adjudication in an administrative proceeding and has *res judicata* effect in arbitration on the issue of whether Dobson was terminated for just cause.

ing the workday. The District disciplined Dobson pursuant to a progressive discipline policy that provides for a documented verbal warning, a written warning, a one day suspension, a five day suspension, a last chance final written warning, and then discharge. On returning to work after his five day suspension and last chance final written warning, Dobson again parked his car on Douglass Street and was subsequently discharged.

In addition to grieving the discipline, plaintiffs Dobson and the Union filed a prohibited practice complaint with the Maine Labor Relations Board claiming that the parking policy was selectively enforced to limit the rights of union members in violation of 26 M.R.S.A. § 964.[2] The Board denied the District's request to defer to arbitration. After a hearing, the Board issued an oral ruling dismissing the charges of prohibited practices, followed by a written decision on September 7, 1993. No appeal was taken from the Board's decision.

■ Plaintiffs then attempted to proceed to arbitration on the issue of whether Dobson had been dismissed for just cause. The District refused to arbitrate and, pursuant to 14 M.R.S.A. § 5928,[3] plaintiffs filed an application to compel arbitration in the Superior Court. After reviewing the Board's decision, and hearing oral argument by the parties, the court denied plaintiffs' application, finding that "there remains nothing that an arbi-

trator could determine without either collaterally attacking the decision of the Board or simply affirming the Board's decision." Plaintiffs appeal, contending that the District is obligated to arbitrate and that the Board's decision does not have *res judicata* effect on the issue of Dobson's termination for just cause.[4]

■ Plaintiffs argue that the expiration of the collective bargaining agreement does not extinguish the District's duty to arbitrate disputes arising under the agreement. They further assert that a dispute arises under a collective bargaining agreement when it concerns an obligation created by the expired agreement so that resolution of the dispute hinges on the interpretation of the contract clause that engendered the claim. Plaintiffs argue that Dobson's claim hinges on an interpretation of the phrase "just cause" and thus the District's obligation to arbitrate the grievance was not extinguished by the expiration of the collective bargaining agreement. We disagree.

■ As a matter of law, no obligation exists to arbitrate a grievance that arises after the expiration of a collective bargaining agreement unless that grievance involves rights that vested or accrued, or facts or occurrences that arose while the collective bargaining agreement was in effect. *Lane v. Bd. of Directors of Maine Sch. Admin. Dist. No. 8*, 447 A.2d 806 (Me.1982).[5] Here we are

2. 26 M.R.S.A. § 964 provides in part: "Public employers, their representatives and their agents are prohibited from:

    A. Interfering with, restraining or coercing employees in the exercise of their rights guaranteed in section 963;"

    § 963 enumerates the rights of public employees to join labor organizations.

3. 14 M.R.S.A. § 5928 provides in part: "1. On application of a party showing an agreement described in section 5927 and the opposing party's refusal to arbitrate, the court shall order the parties to proceed to arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied."

    14 M.R.S.A. § 5927 provides in part: "A written agreement to submit any existing controversy

to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract."

4. Plaintiffs also argue that the District's request to defer the dispute to arbitration operates as an acknowledgment that it has an obligation to arbitrate the grievance. This argument completely ignores the well established principle that parties may always agree to arbitrate. The District's willingness to arbitrate at a specific point in time cannot reasonably be said to represent an acknowledgment that it has an obligation to arbitrate.

5. We have traditionally looked to the National Labor Relations Board and the federal courts' interpretations of the federal labor laws for guidance in interpreting and enforcing our Municipal Public Employees Labor Relations Act. *See*

dealing with neither vested rights nor an occurrence during the term of the collective bargaining agreement. While an agreement is in effect, the terms and conditions therein are enforceable as a matter of contract and may be subject to arbitration. Once the agreement expires, however, the parties lose their contractual rights and are left with only the statutory duty to bargain in good faith. *Lane,* 447 A.2d 810. This duty requires the parties to maintain the status quo until either a new contract is ratified, or the negotiations reach a bona fide impasse. The remedy for a breach of the duty is a prohibited practice complaint before the Board, rather than grievance arbitration under the expired contract. *Id.* at 809–810.

Dobson's grievance did not arise until approximately five months after the agreement had expired and his claim of termination without "just cause" does not involve rights that either vested or accrued under the agreement while it was still in effect. Consequently, the District is under no obligation to arbitrate the grievance and we need go no further.

The entry is:

Judgment affirmed.

All concurring.

---

M.S.A.D. No. 43 Teachers Ass'n v. M.S.A.D. No. 43 Bd. of Directors, 432 A.2d 395, 398, n. 6 (Me.1981). A recent decision of the United States Supreme Court confirms our ruling in *Lane.* In *Litton Fin. Printing Div. v. N.L.R.B.,* the Court addressed the question of whether a dispute over post-expiration layoffs arose "under the agreement despite its expiration" and was thus subject to arbitration under the expired agreement. 501 U.S. 190, 111 S.Ct. 2215, 115 L.Ed.2d 177 (1991). In deciding that there was no obligation to arbitrate the layoff decisions, the Court held that the right to arbitration exists "only where a dispute has its real source in the contract. The object of an arbitration clause is to implement a contract, not to transcend it." ... "A post expiration grievance can be said to arise under the contract only where it involves facts and occurrences that arose before expiration, where an action taken after expiration infringes a right that accrued or vested under the agreement, or where, under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement." *Id.* at 205–06, 111 S.Ct. at 2224–25. The Court further stated that "arbitration is a matter of consent and that it will not be imposed upon parties beyond the scope of their agreement." *Id.* at 201, 111 S.Ct. at 2222. Additionally, the Court noted that, "[i]n the absence of a binding method for resolution of post expiration disputes, a party may be relegated to filing an unfair labor practices charge with the [N.L.R.B.]." *Id.*