MAINE STATE EMPLOYEES
ASSOCIATION, SEIU
Local 1989,

v.

BUREAU OF EMPLOYEE RELATIONS.

Supreme Judicial Court of Maine.

Argued Nov. 1, 1994.
Decided Jan. 19, 1995.

Timothy L. Belcher (orally), Maine State Employees Ass'n, Augusta, for plaintiff.

Robert N. Moore (orally), Bureau of Employee Relations, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

ROBERTS, Justice.

The Maine State Employees Association (MSEA) appeals from a judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) denying MSEA's motion to compel arbitration and granting the motion of the Bureau of Employee Relations to stay arbitration. MSEA asks us to declare unconstitutional P.L.1991, ch. 780, pt. V, § V–1, thereby rendering the issue of merit pay an arbitrable issue. We affirm the judgment.

The MSEA is a party to this suit in its capacity as the certified bargaining agent for employees working in various bargaining units of the executive branch of the state government. The Bureau of Employee Relations is the statutorily designated representative for the executive branch in all collective bargaining activities. 26 M.R.S.A. § 979–A(5)(B) (1988 & Supp.1994). MSEA's collective bargaining agreement for the executive branch employees expired on June 30, 1992. Agreements with other state agencies expired at various times between September 30, 1992, and June 30, 1993. All of these agreements provided for salary grade progression on the basis of satisfactory job performance based on established standards of performance.

In March 1992 the Legislature enacted a law that prohibited the implementation of merit increases to state employees between July 1, 1992, and June 30, 1993. P.L.1991, ch. 780, pt. V, § V–1. Incorporated in part V of chapter 780 was a nonseverability provision that read:

Notwithstanding the Maine Revised Statutes, Title 1, section 71, if any provision of this Part is finally determined by a court of competent jurisdiction to be invalid or to impermissibly infringe on rights secured by contract or law, this Part is invalid and without effect.

P.L.1991, ch. 780, pt. V, § V–5.

Pursuant to section V–1, and on the expiration of the collective bargaining agreement with its employees, the executive branch implemented a freeze in employees' merit increases on July 1, 1992. The MSEA filed a grievance on July 30, 1992, that was eventu-

ally heard by an arbitrator. The arbitrator determined that the issue of merit increases was not an issue subject to arbitration because the State Employees Labor Relations Act excepts from collective bargaining, including grievance arbitration, "those matters which are prescribed or controlled by public law." 26 M.R.S.A. § 979–D(1)(E)(1) (1988 & Supp.1994).

Pursuant to the Uniform Arbitration Act, the MSEA sought an order to compel arbitration between the MSEA and the Bureau. The Bureau filed a cross-motion to stay the arbitration proceedings. After the court entered judgment in favor of the Bureau, the MSEA filed this timely appeal.

The trial court denied the motion to compel arbitration and granted an order to stay arbitration on the ground that the MSEA had failed to establish that the challenged statute was unconstitutional. We need not address the issue of the constitutionality of P.L.1991, ch. 780, pt. V, § V–1. The trial court could not compel arbitration of the present dispute for the simple reason that the Uniform Arbitration Act requires the existence of a written arbitration agreement. 14 M.R.S.A. §§ 5927–5928 (1980). The only written contract between the parties had previously expired by its terms.

The MSEA argues that the Bureau's duty to continue the employment terms of the expired collective bargaining agreement includes the duty to arbitrate disputes as provided in the agreement. Indeed, we have recognized that an employer may not unilaterally alter the terms and conditions of employment after the expiration of a collective bargaining agreement. *Lane v. Board of Directors, Sch. Admin. Dist. No. 8*, 447 A.2d 806, 809–10 (Me.1982). "This rule ... is not based upon contract law ... [but] on the principle that unilateral alterations of the collective bargaining agreement are in contravention of the statutory duty to bargain in good faith." *Id.* at 810. Even if the Bureau had a duty to arbitrate imposed by statute or by decision of the Maine Labor Relations Board, that duty would not be a substitute

for a valid agreement to arbitrate.[1] Absent such an agreement, the trial court lacked the authority to compel arbitration pursuant to the Uniform Arbitration Act. *See Teamsters Union Local No. 340 v. Portland Water Dist.*, 651 A.2d 339, 341–42 & n. 5 (Me.1994). We decline, therefore, the invitation of the parties in this litigation to address a question of the constitutionality of legislation in order to determine the arbitrability of a dispute that is not the subject of an agreement to arbitrate.

The entry is:

Judgment affirmed.

All concurring.

---

1. The MSEA stated at oral argument that it had become the practice to arbitrate grievances after the expiration of a contract. The Bureau's willingness to arbitrate some grievances cannot constitute an agreement to arbitrate all grievances.