1997 ME 121

**Kathleen ROOSA**

v.

**Jayne TILLOTSON.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 16, 1997.

Decided May 30, 1997.

Mark F. Weaver, Ford, Ford & Weaver, P.A., Portsmouth, NH, for plaintiff.

Robert B. Woodman, Michael J. O'Toole, Woodman & Edmands, P.A., Biddeford, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

[¶ 1] In this action fraught with procedural irregularities, Kathleen Roosa appeals from a judgment entered in the Superior Court (York County, *Fritzsche, J.*) dismissing her complaint to vacate an arbitration award and confirming an arbitration award regarding the disposition of real estate in York (the York Beach property). Roosa contends that the arbitrator and the court erred by determining that the arbitrator had the authority to arbitrate the dispute between Roosa and

Tillotson because she was not a party to any agreement to arbitrate and she did not participate in the arbitration proceedings.[1] We agree that the arbitrator had no authority over the dispute between Roosa and Jayne Tillotson and vacate the judgment.

[¶ 2] We will uphold the court's confirmation of an arbitration award unless the court was compelled to vacate the award. *American Fed'n of State, County, & Mun. Employees, Council 93 v. City of Portland,* 675 A.2d 100, 102 (Me.1996). The issue presented to us in this case turns on the question of substantive arbitrability, i.e., whether the parties intended to submit the dispute to arbitration. The final decision on the question of substantive arbitrability rests with the court. *Pelletier & Flanagan, Inc. v. Maine Court Facilities Auth.,* 673 A.2d 213, 215 (Me.1996); *Cape Elizabeth Sch. Bd. v. Cape Elizabeth Teachers Ass'n,* 459 A.2d 166, 168 (Me.1983). "We review the court's determination of substantive arbitrability for errors of law." *Pelletier,* 673 A.2d at 215.

[¶ 3] The Uniform Arbitration Act, 14 M.R.S.A. §§ 5927–5949 (1980), requires a reviewing court to vacate an arbitration award if the parties did not agree to arbitrate. *Cape Elizabeth Sch. Bd.,* 459 A.2d at 168, 14 M.R.S.A. § 5938(1)(E). Maine has a broad presumption favoring substantive arbitrability, which dictates a conclusion that a dispute has been subjected to arbitration if (1) the parties have generally agreed to arbitrate disputes, and (2) the party seeking arbitration presents a claim that, on its face, is governed by the arbitration agreement. *Id.* at 168–69; *Westbrook Sch. Comm. v. Westbrook Teachers Ass'n,* 404 A.2d 204, 207–08 (Me.1979).

[¶ 4] The substantive arbitrability of this dispute fails on the first prong of the test stated above because Roosa never agreed to arbitrate any disputes with Tillotson. "[P]arties 'cannot be compelled to sub-

---

1. 14 M.R.S.A. § 5938 (1980) provides in pertinent part:

   **1. Vacating award.** Upon application of a party, the court shall vacate an award where:

   . . .

   **C.** Arbitrators exceeded their powers;

   . . .

   **E.** There was no arbitration agreement and the issue was not adversely determined in proceedings under section 5928 and the party did not participate in the arbitration hearing without raising an objection.

mit their controversy to arbitration unless they have manifested in writing a contractual intent to be bound to do so.'" *State of the Arts, Inc. v. Congress Property Management Corp.,* 1997 ME 18, § 4, 688 A.2d 926 (Me. 1997) (quoting *Nisbet v. Faunce,* 432 A.2d 779, 782 (Me.1981)); *see also Maine Cent. R.R. Co. v. Bangor & Aroostook R.R. Co.,* 395 A.2d 1107, 1116 (Me.1978) (parties cannot be forced to arbitrate or abide by *ex parte* award without clear contractual language evidencing intent to be bound); *Maine State Employees Ass'n, SEIU Local 1989 v. Bureau of Employee Relations,* 652 A.2d 654, 655 (Me.1995) (trial court could not compel arbitration because contract between the parties, which contained arbitration provision, had expired and Uniform Arbitration Act requires existence of written arbitration agreement). The agreement to arbitrate must take the form of a single signed document or be contained in writings exchanged between the parties. *Nisbet,* 432 A.2d at 782 (attorney could not compel client to participate in fee arbitration because parties had not signed an agreement to arbitrate any controversies arising between them).

[¶ 5] The record in this case reveals no agreement to arbitrate between Roosa and Tillotson. The arbitration clause at issue in the case is located in a personal contract between two sisters, Sally Smith and Jayne Tillotson. The purpose of that contract was to resolve pending litigation and to establish an agreed method for disposing of and distributing the remaining assets of their father's estate. Roosa is not a party, successor, assignee, or signatory to that contract and therefore is not bound by its arbitration provision.[2] Contrary to Tillotson's contentions, the fact that Roosa purchased Smith's interest in the York Beach property does not make her bound by the arbitration provision of that contract.

[¶ 6] The court's obligation to confirm an arbitrator's award arises only if the court has first determined that there exists a binding contract for arbitration. *Maine Cent. R.R.,* 395 A.2d at 1118. An arbitration

award that is made beyond the arbitrator's jurisdiction is of no effect and denies the reviewing court subject matter jurisdiction over the dispute. *Id.* Since the arbitrator exceeded the scope of his authority, the court erred in confirming the arbitration award. The award should have been vacated pursuant to 14 M.R.S.A. § 5938(1)(C) & (E).

The entry is:

Judgment vacated. Remanded with instructions to vacate the arbitrator's April 1996 order and award and the June 1996 supplemental order insofar as they pertain to Kathleen Roosa.

---

2. Further, the assignment clause of the contract states that the contract and the rights thereunder may not be assigned by either party without written consent of the other party. Neither party has consented to an assignment.