STATE OF MAINE                            SUPERIOR COURT
SAGADAHOC, ss                             CIVIL ACTION
                                          Docket Nos. CV-07-060 &
                                                      CV-07-076

                                          N/M - SA - 2/11/20

TIMOTHY M. CASON,

                Plaintiff                 ORDER ON DEFENDANT'S
                                          MOTION FOR SUMMARY
        v.                                JUDGMENT

CHASE BANK USA, N.A.

DONALD L. GARBRECHT
LAW LIBRARY

APR     . 2009

                Defendant

        This matter comes before the court on the defendant Chase Bank USA,

N.A. (Chase)'s[1] motion for summary judgment. For the following reasons,

Chase's motion is granted.

## BACKGROUND AND PROCEDURAL HISTORY

        The plaintiff filed complaints for breach of contract in both above-listed

docket numbers. Chase filed its answers and counterclaims, seeking to confirm

two Arbitration Awards entered against the plaintiff on August 15, 2007 and

September 4, 2007.

        The plaintiff opened two credit card accounts with Bank One; on June 5,

1998, he opened Account 4316, and on August 6, 1999, he opened Account 7915.

The credit card accounts were open-ended credit plans. When the plaintiff

---

[1] JPMorgan Chase (JP Morgan) is the most recent successor in interest to Chase. Chase was the successor in interest to Bank One, Delaware, N.A. (Bank One), pursuant to their merger in October 2004.

opened each account, he received a cardmember agreement in the same envelope in which he received his new credit cards.

Chase has submitted a copy of its standard cardmember agreement, accompanied by supporting affidavit testimony, which contains an arbitration provision that provides:

> Any claim, dispute or controversy ("Claim") by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or your Account, including Claims regarding the applicability of this arbitration clause or the validity of the entire Agreement, shall be resolved by binding arbitration by the National Arbitration Forum under the Code of Procedure in effect at the time the Claim is filed.

*     *     *     *     *

> IN THE ABSENCE OF THIS ARBITRATION AGREEMENT YOU AND WE MAY OTHERWISE HAVE HAD A RIGHT OR OPPORTUNITY TO LITIGATE CLAIMS THROUGH A COURT AND/OR TO PARTICIPATE OR BE REPRESENTED IN LITIGATION FILED IN COURT BY OTHERS, BUT EXPECT AS OTHERWISE PROVIDED ABOVE, ALL CLAIMS MUST NOW BE RESOLVED THROUGH ARBITRATION.

The agreement further provides that the cardholder will be deemed to have accepted and ratified any changes, additions, or deletions accompanying the notice if the card member does not send an opt out notice in a timely manner or uses the card or account after a specified time period. The plaintiff used both credit cards after receiving such notice. Each agreement also provides that Delaware law and applicable federal law govern the terms of the accounts.

Chase has also submitted copies of amended arbitration clauses, which Chase states it sent to the plaintiff when it updated his accounts.[2] Each Amendment provided that "ANY DISPUTE MAY BE RESOLVED BY BINDING

---

[2] Chase states it sent amended arbitration clauses for Account 7915 in October 2003 and February 2004, and for Account 4316 in November 2003.

ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT." The amendments also expanded the choice of arbitration forums from one to three, adding the American Arbitration Association (AAA) and JAMS/Endispute (JAMS) to the National Arbitration Forum (NAF) as possible organizations to administer arbitration of claims.

Chase declared Cason's Account 7915 a bad debt on December 31, 2006, and declared Account 4316 a bad debt on January 31, 2007. Subsequently, Chase filed a claim against the plaintiff with the NAF. The plaintiff filed form responses to the NAF claims. On August 15, 2007, following arbitration, the NAF arbitrator issued an award in Chase's favor as to Account 7915 in the amount of $6,850.66. On September 4, 2007, the NAF arbitrator issued an award in favor of Chase as to Account 4316 in the amount of $20,214.92.

DISCUSSION

I. Standard of Review

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); see also Levine v. R.B.K. Caly Corp., 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." Parrish v. Wright, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." Burdzel v. Sobus, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." Curtis v. Porter, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. A party wishing to avoid summary judgment must present a prima facie case for the claim or defense that is asserted. Reliance Nat'l Indem. v. Knowles Indus.

3

Servs., Corp., 2005 ME 29, ¶ 9, 868 A.2d 220, 224-25. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." Lightfoot v. Sch. Admin. Dist. No. 35, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

II.   Binding Arbitration

The Law Court has recognized that arbitration offers its participants an expeditious method of resolving disputes, and often allocates decision-making to parties who are more informed and experienced with the issues at hand. See Lewiston Firefighters Ass'n v. City of Lewiston, 354 A.2d 154, 164-66 (Me. 1976). "Maine has a broad presumption favoring substantive arbitrability." V.I.P., Inc. v. First Tree Dev. Ltd. Liab. Co., 2001 ME 73, ¶ 4, 770 A.2d 95, 96 (quoting Roosa v. Tillotson, 1997 ME 121, ¶ 3, 695 A.2d 1196, 1197); see also Barrett v. McDonald Invs., Inc., 2005 ME 43, ¶ 15, 870 A.2d 146, 149; 14 M.R.S. § 5927 (2008).

In his complaints, the plaintiff alleges that Chase breached its contract by filing an arbitration claim without the parties having an agreement to arbitrate. Chase has provided affidavit testimony from one of its Audit Managers, Joette G. Herrera. She states that the plaintiff's accounts have been subject to a binding arbitration clause from the time he opened the accounts. She states further that the Chase's predecessor, Bank One, adopted arbitration in late 1997 and applied it to all new accounts. Chase has submitted a copy of its standard cardmember agreement, which it provides to all new card members in the same envelope in which they receive their new credit card.

Chase contends that the plaintiff assented to arbitrate claims when he received the agreement in the mail, and used the credit cards after receiving notice that all claims would be subject to arbitration. The agreement submitted by Chase states that the cardholder will be deemed to have accepted and ratified

4

any changes, additions, or deletions accompanying the notice if the card member does not send an opt out notice in a timely manner or uses the card or account after a specified time period.

In his opposition to summary judgment, the plaintiff counters that the original agreements he received with his credit cards did not contain arbitration provisions. Despite this claim, the plaintiff has not provided a copy of an alternative agreement that does not include an arbitration provision. He has not addressed the rulings of the NAF arbitrators that the parties "entered into a valid, written agreement to arbitrate the dispute." The language of the agreement regarding arbitration and acceptance of additional terms is unambiguous and integrated. See Handy Boat Serv., Inc. v. Prof'l Servs., Inc., 1998 ME 134, ¶ 11, 711 A.2d 1306, 1308-09. The parol evidence rule excludes the evidence contained in plaintiff's affidavits from judicial consideration. Astor v. The Boulos Co., Inc., 451 A.2d 903, 905-06 (Me. 1982); Restatement (Second) of Contracts §§ 213-15. The affidavits submitted by the plaintiff are insufficient to raise a genuine issue of material fact[3] regarding whether he assented to binding arbitration. See Key Bank, N.A. v. Mott, 1998 ME 151, ¶¶ 6-8, 712 A.2d 1066, 1065-66 (finding that because the defendant's affidavit was barred by the parol evidence rule, the trial court did not err by concluding that defendant's affidavit failed to raise a genuine issue of material fact); see also Winters v. Fed. Deposit Ins. Corp., 812 F. Supp. 1, 5 (D. Me. 1993) (finding affidavit could not "raise an issue of material fact because the Court has determined that the contract is unambiguous, and parol evidence cannot be used to generate an ambiguity in an

---

[3] The plaintiff's "Material Facts in Dispute" have not been reviewed because they contain no record references. M.R. Civ. P. 56(h)(2).

5

unambiguous contract"); Bistline v. United States, 640 F.2d 1270, 1274 (Cl. Ct. 1981) ("the parol evidence rule forbids the admission of the evidence contained in plaintiffs' affidavits, as well as the consideration of such evidence in ruling on the motions for summary judgment").

**III.    Counterclaims to Confirm the Arbitration Award**

In its counterclaims, Chase seeks confirmation of the arbitration awards pursuant to 9 U.S.C. § 9, and interest, reasonable attorney's fees, and costs pursuant to M.R. Civ. P. 11(a).[4] The Federal Arbitration Act (FAA) applies when parties contract to submit disputes to arbitration. See 9 U.S.C. §§ 1-16. The cardmember agreement between the plaintiff and Chase provides that the agreement will be governed by and enforced by the FAA. Under the FAA, an arbitration award may be set aside if certain conditions are satisfied. See 9 U.S.C. § 10 (including corruption, fraud, or undue means of the procurement of the award, or evident partiality or corruption, misconduct, or ultra vires acts by the arbitrators). The plaintiff has failed to raise a genuine issue of material fact regarding a reason to set aside the arbitration awards granted in this case.

The entry is

The Defendant's Motion for Summary Judgment is GRANTED. Judgment is entered in favor of the Defendant and against the Plaintiff on the Plaintiff's Complaints.

Judgment is entered in favor of the Defendant and against the Plaintiff on the Defendant's Counterclaims. The Arbitration Award entered on May 14, 2007 in the amount of $5,537.45 and the Arbitration Award entered on September 5, 2007 in the amount of $20,214.92 are confirmed with prejudgment interest at the rate of 5.99% and post-judgment interest at the rate of 6.40% plus costs.

---

[4] The cardmember agreements provide that the cardholder will pay court costs, collection costs, and reasonable attorney's fees.

6

The Defendant will submit an Affidavit for Attorney's Fees within 30 days of the date of this order.

Date: February 11, 2009

Nancy Mills
Justice, Superior Court

CV-07-060
CV-07-076