STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-CV-11-25

JCN- CUM- 3/2/12

HL 1, LLC and SHIPYARD BREWING
COMPANY, LLC,

          Plaintiffs,

    v.

RIVERWALK, LLC; RIVERWALK
VENTURE, LLC; OCEAN GATEWAY
GARAGE, LLC; OG GARAGE
VENTURE, LLC; PENNBROOK
PROPERTIES, II, LLC;
INTERCONTINENTAL FUND IV
OCEAN GATEWAY, LLC;
INTERCONTINENTAL REAL ESTATE
INVESTMENT FUND IV, LLC; and
INTERCONTINENTAL REAL ESTATE
CORP.,

          Defendants

_____

PENNBROOK PROPERTIES, II, LLC;
INTERCONTINENTAL FUND IV
OCEAN GATEWAY, LLC;
INTERCONTINENTAL REAL ESTATE
INVESTMENT FUND IV, LLC; and
INTERCONTINENTAL REAL ESTATE
CORP.,

          Third-party Plaintiffs,

    v.

FRED M. FORSLEY and OGG, LLC,

          Third-party
          Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER**
(Motion for Clarification/
Motion to Amend Complaint)

Entered on the Docket: 3-6-12
Copies sent via Mail ___ Electronically ✓

| | |
|---|---|
| RIVERWALK, LLC; RIVERWALK VENTURE, LLC; OCEAN GATEWAY GARAGE, LLC; and OG GARAGE VENTURE, LLC, | ) ) ) ) ) |
| Third-party Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| FRED M. FORSLEY, | ) |
| | ) |
| Third-party Defendant | ) ) |
| | ) |

Plaintiffs HL 1, LLC (HL 1) and Shipyard Brewing Company, LLC (Shipyard) have requested that the Court clarify its January 11, 2012, order (hereinafter, "Order") compelling HL 1 and Defendant/Third-party Plaintiff Pennbrook Properties II, LLC (Pennbrook) to arbitrate their disputes pursuant to two separate arbitration agreements. Plaintiffs seek clarification as to which counts of the Complaint are to be arbitrated and whether disputes among non-signatory parties are included in the scope of the arbitration clause. To that end, Plaintiffs have also filed a motion to amend their complaint in an attempt to clarify which counts of the complaint are asserted against which Defendants.

As the Court explained in the Order, the Court can only require parties to arbitrate their dispute where the parties have agreed to do so. Accordingly, in the Order, the Court wrote, "*Pennbrook and HL 1* must, therefore, arbitrate the dispute based on the arbitration clauses in the Riverwalk and OGG Operating Agreements." (Order, p. 8) (emphasis supplied). The Court has not, therefore, ordered a party that is not a signatory to the agreements to arbitrate their disputes.[1] The Court's task on a motion to compel arbitration is to determine *substantive* arbitrability. *See*

---

[1] Whether the parties agree to allow non-signatory parties to participate in the arbitration is a separate issue.

2

*Macomber v. MacQuinn-Tweedie*, 2003 ME 121, ¶ 14, 834 A.2d 131. Substantive arbitrability is simply "whether the parties intended to submit the dispute to arbitration." *Roosa v. Tillotson*, 1997 ME 121, ¶ 2, 695 A.2d 1196. Because the First Amended Complaint includes claims that are "in connection with" the Riverwalk and OGG Operating Agreements, the Court concluded that, pursuant to the parties' agreements, HL 1 and Pennbrook must arbitrate their dispute.

In essence, HL 1 and Shipyard's request for clarification of the Order is a request for the Court to define the scope of the arbitration clause. The Law Court has explicitly stated that

> [i]t is the arbitrator who should first decide the scope of arbitration pursuant to the contract. Although we have held that the final decision on the question of substantive arbitrability is the function of the court, not the arbitrator, the arbitrator must initially determine whether the claims fall within the scope of the arbitration clause. The court cannot make such a determination without the benefit of a factual record.

*Orthopedic Physical Therapy Ctr., P.A., v. Sports Therapy Ctrs, Ltd.*, 621 A.2d 402, 403 (Me. 1993) (quotation marks and citation omitted). An in depth analysis of the precise scope of an arbitration clause is thus more properly addressed in arbitration with the development of a full factual record.

Based on the foregoing, the Court orders as follows:

1.  Plaintiffs' motion to clarify is GRANTED, consistent with the analysis in this Decision and Order.

2.  Because the Court has stayed the action pending the arbitration decision, the Court will not address Plaintiffs' Motion to Amend. Plaintiffs can renew the motion of they wish to prosecute it upon the Court's removal of the stay.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Date: 3/2/12

Justice, Maine Business & Consumer Court

3

CV-11-25 HL1 et al v. Riverwalk et al.


For Plaintiffs – HL1 & Shipyard Brewing
David Johnson, Esq.
Lee Bals, Esq.
Marcus Clegg & Mistretta PA
One Canal Plaza, Ste 600
Portland ME  04101-4600


For Riverwalk LLC,  Riverwalk Venture, LLC  & OGG LLC:
Timothy Norton, Esq.
U. Charles Remmel II, Esq.
Kelly Remmel & Zimmerman
53 Exchange St
PO Box 596
Portland ME  04112-0597

Pennbrook Properties
Seth Brewster, Esq.
Benjamin Ford, Esq.
Verril Dana
One Portland Square
PO Box 586
Portland ME 04112

Intercontinental Defendants
Paul Driscoll, Esq.
David Goldman, Esq.
Norman Hanson & DeTroy
415 Congress St
PO Box 4600
Portland ME  04112