STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-19-135

GOODRICH HOME BUILDERS, INC.,

Plaintiff

v.

MELINDA M. SANDERSON,
SERENITY ESTATES, LLC,
JP MORGAN CHASE BANK,NA, and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

ORDER TO STAY PROCEEDINGS
AND COMPEL ARBITRATION

Defendants

v.

MARK GOODRICH,

Third-Party Defendant

The matter before the court is Defendant Melinda Sanderson's motion to stay proceedings and compel arbitration.

Background

This case arises out of a construction contract between Goodrich Home Builders ("GHB") and Melinda Sanderson ("Sanderson"), dated July 28, 2018. (Opp. at 1.) The agreement was primarily concerned with a home GHB agreed to build for Sanderson on a parcel of land that she owned in Pownal, Maine. *Id.* The specifics of the agreement are not important to the motion before the court, except insofar as the agreement contained the following arbitration provision:

> The parties waive their right under the Maine Home Construction Contracts Act to select between binding arbitration, non-binding arbitration, mediation with a neutral mediator or none of the preceding and, if a dispute arises out of or in connection with the Work or this Agreement, agree to enter into good faith negotiations through a neutral mediator in an attempt to resolve the dispute. In the event mediation fails, the parties agree that all

1

STATE OF MAINE
Cumberland ss. Clerk's Office

MAR 15 2021

RECEIVED

disputes shall be resolved by binding arbitration before a single arbitrator selected by the parties.

(Def.'s Ex. A ¶ 12.) After a dispute arose regarding the quality of the work, the working relationship between GHB and Sanderson broke down. Pursuant to this clause, the parties conducted two separate rounds of mediation to attempt to resolve the issues. (Mot. at 2.) The second mediation session concluded on October 26, 2020. At the same time, however, GHB had commenced this lawsuit against Sanderson alleging claims for breach of contract, quantum meruit, unjust enrichment and enforcement of mechanics lien on July 19, 2020. (Compl. ¶¶ 3-6.)

Sanderson's initial answer, filed October 23, 2019, did not raise the arbitration clause in the contract. On December 4, 2019, Sanderson amended her answer to assert, among other things, an affirmative defense that GHB's claims were barred due to "failure to pursue alternative dispute resolution as required by the agreement between the parties." (Am. Answer at 2.) While this lawsuit has been pending, Sanderson has made repeated demands through her attorney that this dispute proceed to arbitration if mediation is unsuccessful. (*See, e.g.*, Def.'s Ex. D.) Throughout these communications, GHB's counsel repeatedly avoided stating a position one way or the other on whether GHB would consent to arbitration. (Def.'s Ex. F.; Def.'s Ex. I; Def.'s Ex. M.)

Sanderson filed this motion to compel arbitration on January 25, 2021. GHB opposed the motion, arguing that Sanderson had waived her right to arbitration.

Standard

"Maine has a broad presumption favoring substantive arbitrability." *Roosa v. Tillotson*, 1997 ME 121, ¶ 3, 695 A.2d 1196. This requires a finding that a dispute has been subjected to arbitration if "(1) the parties have generally agreed to arbitrate disputes, and (2) the party seeking arbitration presents a claim that, on its face, is governed by the arbitration agreement." *V.I.P.*,

2

*Inc.*, 2001 ME 73, ¶ 4, 770 A.2d 95 (quotation omitted). In other words, the court must find a dispute arbitrable "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *Id.* General rules of contract interpretation apply. *Id.* ¶ 3.

Waiver

GHB opposes the motion on two grounds. The first is that Sanderson has waived her right to arbitration. The second is that Sanderson has named Mark Goodrich ("Goodrich"), who is not a party to the contract, in his personal capacity as a third-party defendant. Neither argument is availing.

Starting with the waiver argument, GHB points to three facts it claims indicate that Sanderson waived her right to arbitration. First, it points to the fact that the lawsuit had been pending for more than a year before Sanderson filed this motion to compel arbitration. Second, they point to the fact that she did not seek to compel arbitration in her first answer. Finally, they argue that her participation in this litigation, in the form of participating in discovery and filing motions to extend deadlines, indicates an intent to litigate rather than arbitrate.

"In evaluating whether waiver has occurred, each case must be evaluated upon its specific facts; there are no bright line rules." *Saga Communs. of New England, Inc. v. Voornas*, 2000 ME 156, ¶ 11, 756 A.2d 954. Courts are not in complete agreement over all of the elements required to find a waiver, but "there is universal agreement that the party now seeking to compel arbitration must, at the least, have undertaken a course of action inconsistent with its present insistence upon its contractual right to arbitration." *Id.* ¶ 12.

It strains credulity that GHB would point to the delay in filing this motion to compel when it is clearly GHB's own actions that have caused that delay. If GHB had responded to

3

Sanderson's first insistence that this matter proceed to arbitration by clarifying that they would oppose it, then the delay might be persuasive. However, the record on his motion is clear that GHB avoided clarifying its position on arbitration until it filed its opposition to Sanderson's motion. GHB cannot cause a delay in Sanderson's invocation of her contractual rights and then point to that delay as evidence that she abandoned those rights.

As for the argument regarding Sanderson's original answer, the court is unaware of any law that states a party who fails to assert their contractual right to arbitration in their initial answer to a lawsuit has automatically waived it. GHB cites no support for this argument, either. Especially where Sanderson amended her answer shortly afterwards to specifically assert that GHB was barred from litigating its claims due to the arbitration agreement, the court is not inclined to view this as evidence of waiver.

Finally, the court must address the matter of Sanderson's participation in this litigation. "A party may, by engaging in litigation, implicitly waive its contractual right to arbitrate." *Navieros Inter-Americanos, S.A. v. M/V Vasilia Express*, 120 F.3d 304, 316 (1st Cir. 1997). However, "[t]he relevant question is whether the parties have litigated substantial issues going to the merits of the arbitrable claims without any indication that, despite the dispute's presence in court, a party intends to exercise its contractual right to arbitration." *Voornas*, 2000 ME 156, ¶ 12, 756 A.2d 954. Essentially, courts look to see whether the party now seeking to compel arbitration previously demonstrated a preference for litigation. *Id.*

Nothing about this case leads the court to believe that Sanderson demonstrated a preference for litigation. Her participation in the litigation has been limited mostly to discovery and procedural motions. At the same time, she has been making repeated demands of GHB that they proceed to arbitration. No substantive issues in the case have been litigated yet. The court

4

therefore finds no basis to conclude that Sanderson has demonstrated a preference for litigation. Accordingly, she has not waived her right to arbitration.

Third-Parties

The other reason GHB cites to argue the motion to compel arbitration should be denied is that Sanderson has named Mark Goodrich in his personal capacity in her counterclaims. After citing *Ouadani v. TF Final Mile, LLC*, for the general proposition that people who are not parties to an arbitration agreement cannot be compelled to arbitrate disputes under it, GHB goes one step further to suggest that the mere presence of such an individual in a case precludes compelling *any* party in that case to go to arbitration. 876 F.3d 31, 33 (1st Cir. 2017). This is a plainly inaccurate characterization of the law. *See, e.g., Hl 1 v. Riverwalk*, BCD-CV-11-25 (Bus. & Consumer Ct. Jan. 11, 2012) (granting motion to compel where third-parties are present in the case). Goodrich's presence in the case does nothing to limit Sanderson's rights under the contract, nor does his intent to join more third-parties.

The remaining issue is one raised in Sanderson's reply. She argues she may compel both GHB and Goodrich in his personal capacity to submit to arbitration, despite the fact that Goodrich himself is not a party to the contract. The case she cites in support of this theory, *State v. Weinschenk*, has more to do with when individuals may be held personally liable for the conduct of corporate entities, it does not say whether this same reasoning would support compelling an individual to arbitrate under an agreement they did not sign in their personal capacity. 2005 ME 28, ¶¶ 19-20, 868 A.2d 200. While all doubts are to be resolved in favor of arbitration, it is equally important that a party actually agree to arbitration before they are compelled to arbitrate. The court will not compel Goodrich to arbitrate in his individual capacity at this time.

This is not to say that an arbitrator could not decide to hold Goodrich personally liable for GHB's actions. Arbitrators do have the power to pierce the corporate veil "when the evidence supports a finding that the corporation is merely an alter ego of an individual and when necessary in the interests of justice." *Stanley v. Liberty*, 2015 ME 21, ¶ 29, 111 A.3d 663. However, it is a different matter entirely to force Goodrich in his individual capacity into arbitration with Sanderson based on an agreement he did not sign in his capacity as a representative of GHB.

The entry is

> Defendant Melinda M. Sanderson's Motion to Stay Proceedings and Compel Arbitration is GRANTED.

> The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: March ___, 2021

Harold Stewart, II
Justice, Superior Court

Entered on the Docket: 3/18/2021

6