STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE 18 33

WILLIAM LANDERS

v.                                                    ORDER

JOSHUA PUTNAM

Before the court is Plaintiff's Motion to Compel Arbitration. The court grants the Motion in part.

The parties do not dispute that they entered into a "Summary Settlement Agreement ("Agreement") dated August 13, 2019. The Agreement requires that: "Any dispute as to the language of additional documents and any claim of any breach of this settlement agreement will be submitted to binding arbitration before the mediator, Jerrol A. Crouter who shall award attorneys fees and costs to the prevailing party."

Defendants do not dispute an obligation to submit claims to arbitration. Instead, they argue that the Plaintiff's request to submit "all remaining claims between the parties" is overly broad. Any obligation to arbitrate is limited to "any dispute as to the language of additional documents" and "any claim of breach of this settlement agreement."

In order to compel arbitration, there must be a written arbitration agreement. A party cannot be forced to arbitrate without a writing indicating a contractual intent to be bound to do so. *Roosa v. Tillotson,* 1997 ME 121, ¶ 4. Once there is a written agreement to arbitrate, Maine has a broad presumption favoring substantive arbitrability. *Champagne v. Victory Homes*, 2006 ME 58, ¶ 9.

In a similar case, where the parties disputed whether an arbitration agreement encompassed a particular dispute, the Law Court ruled:

1

> Maine has a broad presumption favoring substantive arbitrability. The presumption requires a finding that the dispute has been subjected to arbitration if "(1) the parties have generally agreed to arbitrate disputes, and (2) the party seeking arbitration presents a claim that, on its face, is governed by the arbitration agreement." Id. (citation omitted). Because of this strong legislative policy, a court will find a dispute arbitrable 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

*V.I.P., Inc. v. First Tree Dev.*, 2001 ME 73, ¶4 (quotations and citations omitted).

This court agrees that the contract only requires arbitration for claims arising from either the language of additional documents or any breach of the settlement agreement. The court does not have a document in front of it specifying the claims Plaintiffs wish to submit to arbitration. The court, however, finds it is not necessary to decide the motion.

The arbitration clause is unambiguous. Any dispute over the language of the mutual releases is submitted to the arbitrator. The parties provide the arbitrators with their drafts and the arbitrator decides any disputed language.

Similarly, the arbitrator will decide whether any conduct, act or omission by a party is in breach of the agreement. If any party raises a claim that is not in breach of the agreement, but is otherwise actionable, the court will address it later. Conduct is either in breach of the agreement or it is not. That for the arbitrator to decide. The court also finds that any damage or remedy for breach of the agreement will be decided by the arbitrator. Therefore, if any conduct is in breach of the Agreement, then the arbitrator will decide any damages or other remedies arising from that breach. There is no arbitrary cut off date when conduct that breaches the Agreement may have occurred.

This case is aging, to some degree from no fault of the parties. Nevertheless, this matter is aged and the parties are ordered to move expeditiously towards arbitration. Either party may

request a telephone conference with the court in the event of delay commencing the arbitration. Of course, once the arbitrator is engaged, any further procedural decisions rest with him.

It is ordered:

Motion to Compel GRANTED. The court compels arbitration with Attorney Crouter on any claims arising from the language of additional settlement documents and any claims for breach of the Agreement.

The case, including but not limited to any claims do not arise from a breach of the Agreement, is STAYED until after the arbitration is complete. In spite of the stay, if any party fails to cooperate in the commencement of the arbitration process then either party may seek relief from the court.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: 6/28/21

Thomas R. McKeon
Justice, Maine Superior Court

3