STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. CV-2022-143


CASHOUT, LLC, et al.                      )
                                          )
            Plaintiffs                    )
                                          )
     v.                                   )          ORDER
                                          )
TYLER HALL,                               )
                                          )
                                          )
            Defendant                     )
                                          )
                                          )

Before the Court is Defendant Tyler Hall's Motion to Compel Arbitration. Defendant's

Motion is GRANTED. This action is stayed and will proceed to arbitration.

## FACTUAL BACKGROUND

This case arises out of Defendant Tyler Hall's ("Hall") and Plaintiff Andrew Maley's

("Maley") status as members in three limited liability companies (LLCs): Cashout, LLC; Empire

Capital, LLC; and H&M Construction, LLC ("the Companies" and, collectively with Maley, "the

Plaintiffs"). The Plaintiffs claim that Hall engaged in misconduct with respect to the Companies'

business, including but not limited to self-dealing, conversion, and breach of his fiduciary duties.

Maley, a resident of Windham, and Hall, a resident of Westbrook, formed the above

listed LLCs together. (Compl. ¶¶ 4, 5, 17.) The LLC agreements were executed as follows:

1) The LLC agreement for Cashout, LLC was executed on August 12, 2019. (Pl. Ex. 7.) It
   was amended and restated on March 24, 2021. (Def. Ex. 1 at Ex. A thereto ("Def. Ex.
   1.A.").)
2) The LLC agreement for Empire Capital, LLC was executed on January 1, 2020. (Def. Ex.
   1.B.)
3) The LLC agreement for H&M Construction, LLC was executed on September 28, 2020.
   (Def. Ex. 1.C.)

REC'D CUMB CLERKS OFC
SEP 6 '22 AM10:49

Each LLC agreement contained an identical arbitration clause, which provides that: "[a]ny dispute, controversy or claim arising out of or in connection with this Agreement or any breach or alleged breach hereof, shall, upon the request of any party involved, be submitted to, and settled by, arbitration." (Pl. Ex. 7, Def. Ex. 1.A-C.)

Hall asserts that the LLCs were creating for the purpose of pursuing real estate development activities in Westbrook and the surrounding areas. (Defendant's Motion to Compel Arbitration ("Def. M.C.A.") ¶ 2.) Hall is a licensed Maine real estate associate broker. (Compl. ¶ 6.) Maley claims that he became suspicious of Hall's business practices in December of 2021, and that in January of 2022, he informed Hall that he "wanted out of the business." (Compl. ¶¶ 34, 37.) Maley alleges that Hall then emptied the Companies' accounts and transferred the real estate to himself. (Compl. ¶¶ 42, 45.) At that time, Cashout, LLC held title to six properties in Westbrook. (Compl. ¶ 38.)

Plaintiffs' nine-count complaint was docketed in Cumberland County Superior Court on April 14, 2022. Hall's Motion to Compel Arbitration was filed on June 1, 2022, and his Answer was filed on June 15, 2022. Plaintiffs' objection to that Motion was filed on June 22, 2022. Hall filed his reply on July 6, 2022.

## STANDARD OF REVIEW

The Federal Arbitration Act (the "FAA") reflects a strong federal policy in favor of arbitration. 9 U.S.C. §§ 1-16; *Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530, 533 (2012). A written provision in a contract requiring that any controversy between the parties be submitted to arbitration is generally considered "valid, irrevocable, and enforceable." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). It is the job of the courts "to enforce the bargain of the parties to arbitrate." *Id.* at 217.

2

Similarly, the Maine Uniform Arbitration Act (the "MUAA"), provides that "[a] provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract." 14 M.R.S. § 5927. Maine's presumption in favor of substantive arbitrability is broad. *V.I.P., Inc. v. First Tree Dev.*, 2001 ME 73, ¶ 4, 770 A.2d 95. A dispute will be subject to arbitration if (1) the parties have agreed to arbitrate disputes, and (2) the arbitration agreement encompasses the claims at issue. *Roosa v. Tillotson*, 1997 ME 121, ¶ 3, 695 A.2d 1196. Doubts as to whether the agreement encompasses the dispute are resolved in favor of coverage. *Westbrook Sch. Comm. v. Westbrook Teachers Ass'n*, 404 A.2d 204, 208 (Me. 1979). If the Superior Court determines that a dispute is covered by a valid arbitration agreement, it must compel arbitration. 14 M.R.S. § 5928(1).

## DISCUSSION

In the instant case, identical arbitration agreements are found in section 14 of each LLC agreement, which provides:

> Any dispute, controversy or claim arising out of or in connection with this Agreement or any breach or alleged breach hereof shall, upon the request of any party involved, be submitted to, and settled by, arbitration in the city in which the principal place of business of the Company is then located, pursuant to the commercial arbitration rules then in effect of the American Arbitration Association (or at any other time or place or under any other form of arbitration mutually acceptable to the parties involved). Any award rendered shall be final and conclusive upon the parties and a judgment thereon may be entered in a court of competent jurisdiction. The expenses of the arbitration shall be borne equally by the parties to the arbitration, provided that each party shall pay for and bear the cost of its own experts, evidence and attorneys' fees, except that in the discretion of the arbitrator any award may include the attorneys' fees of a party if the arbitrator expressly determines that the party against whom such award is entered has caused the dispute, controversy or claim to be submitted to arbitration as a dilatory tactic or in bad faith.

3

Hall asks the Court to grant his Motion to Compel Arbitration on the basis that (1) the arbitration clauses contained in the LLC agreements are valid and enforceable, and (2) the claims at issue are encompassed by the arbitration clauses. Plaintiffs oppose the Motion on the grounds that the Companies were not parties to the LLC agreements and are therefore not subject to the arbitration clauses.

As to the first prong of the analysis, the Court finds that all parties in this case have agreed to arbitrate their disputes. The above arbitration provision was contained in all of the LLC agreements, each of which were signed by both Hall and Maley. Maley concedes that he personally agreed to arbitration, but he argues that because the Companies were not signatories to the LLC agreements, they did not agree to arbitration and cannot be bound. He further argues that, to the extent that there is any ambiguity as to who is bound by the agreement, those ambiguities must be construed against Hall, as the drafter, citing to *Barrett v. McDonald Invs., Inc.*, 2005 ME 43, ¶ 15, 870 A.2d 146. A review of the LLC agreements reveals that each of the Companies were in fact signatories to their respective agreements. However, even if they were not, Maine's LLC statutes are instructive as to this issue. 31 M.R.S. § 1523(1) provides: "A limited liability company is bound by and may enforce the limited liability company agreement, whether or not the limited liability company has itself manifested assent to the limited liability company agreement." The Court finds no ambiguity as to this issue. The Companies are bound by the LLC agreements and by the arbitration clauses within them.

The Court likewise finds no ambiguity as to the second prong of the analysis. The arbitration clause in the agreements provides that any claim connected to the agreement must be submitted for arbitration upon the request of any party. In this case, Plaintiffs claim that Hall has engaged in self-dealing and conversion of company assets and has breached his fiduciary duties.

4

Plaintiffs seek indemnification and contribution, as well as judicial dissolution of the Companies. Each of these claims is connected to the rights and obligations of the parties with respect to the Companies. Those rights and obligations are defined within the LLC agreements. Therefore, all of Plaintiffs' claims are covered by the arbitration agreement.

In sum, the Court holds that there is a valid arbitration agreement that covers all counts of the parties' dispute. It is therefore the Court's job to enforce the parties' bargain to arbitrate.

**Entry is:**

Defendant Tyler Hall's Motion to Compel Arbitration is Granted and this action is stayed. The clerk is directed to incorporate this order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 8/30/22

_____
John O'Neil Jr.
Justice, Maine Superior Court

5