2001 ME 73

**V.I.P., INC.**

v.

**FIRST TREE DEVELOPMENT LIMITED LIABILITY COMPANY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 2, 2001.
Decided: May 4, 2001.

Elliott L. Epstein, Esq., Isaacson & Raymond, Lewiston, for plaintiff.

Michael D. Cooper, Esq., Westbrook, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] First Tree Development Limited Liability Company appeals from a judgment entered in the Superior Court (Cumberland County, *Mills, J.*) confirming an arbitration award in favor of V.I.P., Inc. First Tree contends that the arbitrator exceeded his powers by deciding that the disputed matter was subject to arbitration. Finding no error, we affirm.

[¶ 2] The relevant facts may be summarized as follows: In October 1995, the predecessors in title of the parties to this action, who own adjacent commercial real estate in South Portland, executed a Reciprocal Deed Granting Cross–Easements [the "Agreement"]. The Agreement granted contiguous reciprocal easements to the parties over a discontinued public way that crossed both parcels and connected with a public road and established the respective rights and obligations relating to construction in and care of the easement area. In 1999, V.I.P. sought First Tree's consent to construction by V.I.P. of certain improvements within the easement area pursuant to paragraph 3 of the Agreement. First Tree declined to consent to the improvements and V.I.P. filed an action in Superior Court seeking *inter alia* to compel arbitration. The court stayed the balance of the proceedings and ordered the parties to submit their disputes to arbitration. The arbitrator rendered a decision in favor of V.I.P. V.I.P. filed an application to confirm the arbitration award and First Tree followed with an application to vacate it. The court entered judgment confirming the award. First Tree now appeals.

[¶ 3] The sole issue in this case involves substantive arbitrability, that is, whether the parties intended to submit this dispute to arbitration. "The final decision on the question of substantive arbitrability rests with the court." *Roosa v. Tillotson,* 1997 ME 121, ¶ 2, 695 A.2d 1196.

We review the court's determination of arbitrability for errors of law. *Id.* The Uniform Arbitration Act, 14 M.R.S.A. §§ 5927–5949 (1980), requires the court to vacate an arbitration award if the parties did not agree to arbitrate. *Id.* ¶ 3 (citation omitted). General rules of contract interpretation apply. *Westbrook Sch. Comm. v. Westbrook Teachers Ass'n,* 404 A.2d 204, 207 (Me.1979). "A contract is to be interpreted to effect the parties' intentions as reflected in the written instrument, construed with regard for the subject matter, motive, and purpose of the agreement, as well as the object to be accomplished." *Handy Boat Serv., Inc. v. Professional Servs., Inc.,* 1998 ME 134, ¶ 7, 711 A.2d 1306.

[¶ 4] "Maine has a broad presumption favoring substantive arbitrability." *Roosa,* 1997 ME 121, ¶ 3, 695 A.2d 1196. The presumption requires a finding that the dispute has been subjected to arbitration if "(1) the parties have generally agreed to arbitrate disputes, and (2) the party seeking arbitration presents a claim that, on its face, is governed by the arbitration agreement." *Id.* (citation omitted). Because of this strong legislative policy, "a court will find a dispute arbitrable 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *Westbrook Sch. Comm.,* 404 A.2d at 208.

[¶ 5] The arbitration clause in the present case, as found in paragraph 3 of the Agreement, reads as follows:

Either party may, at their own expense, improve the Easement Area with paving, curbing and other entryway and roadway related improvements, so long as such improvements do not unduly limit access from Waterman Drive

through the Easement Area to the property of the other party and are approved in advance by the other party, such approval not to be unreasonably withheld. Either party may, at their own expense, have snow removed from the Easement Area. Once improvements are constructed as aforesaid, the parties shall share equally in the cost of maintenance of the Easement Area and maintenance, repair and replacement of the improvements therein, so long as the other party has been given reasonable notice of the same and the opportunity to object. In the case of such an objection the parties will negotiate in good faith to reach agreement on planned maintenance, repair or replacement, and if no agreement is reached shall arbitrate their dispute in an expeditious and cost effective manner, with the costs of arbitration shared equally.

[¶ 6] Contrary to First Tree's arguments, the Agreement to arbitrate disputes is ambiguous. First Tree contends that paragraph 3 deals with two separate and distinct situations and that the agreement to arbitrate is confined solely to the second situation, i.e., a dispute over the sharing of maintenance and repair costs. They contend that the dispute in this case involves the first situation, i.e. a dispute over the construction of new improvements. V.I.P. argues, on the other hand, that it is difficult to distinguish between planned improvements and planned maintenance, repair or replacement. As the arbitrator concluded, the arbitration clause contemplates future modification of the improvements by either party. Further, the arbitration clause was expressly created to resolve disputes in an expeditious and cost-effective manner. Therefore, in light of that objective, the ambiguity, and the legislative presumption favoring arbitration, we cannot say with positive assurance that the arbitration clause is not susceptible of an interpretation that covers this dispute. The Superior Court committed no error of law.

The entry is:

Judgment affirmed.