STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-625
RAC -C.U.M - 1/29/2004

CIANCHETTE FAMILY, LLC,

Plaintiff

v.

W.H. DEMMONS, INC, d/b/a
MAINE AIR CONDITIONING,
CLIMATEMASTER, INC., and
CIANBRO CORPORATIONS

Defendants,

and

CITIZENS BANK NEW HAMPSHIRE, and
PORTLAND REGENCY,

Parties-in-Interest

DECISION AND ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT
JAN 29 2004
RECEIVED
DONALD L. GARBRECHT
LAW LIBRARY
APR 14 2004

The defendant Cianbro Corporation (Cianbro) moves this court to stay the pending mediation and arbitration and compel arbitration, and the defendant W.H. Demmons, Inc., d/b/a Maine Air Condition (Maine Air) moves this court to consolidate this action with Black Point Inn, Inc. v. W.H. Demmons, Inc. d/b/a Maine Air Conditioning and ClimateMaster, Inc., CV03-70 (Cum. Cty.).

## FACTS

In this case, Eric L. Cianchette contracted with Cianbro to construct a building on Commercial Street in Portland, Maine. Cianbro subcontracted with Maine Air to design and install a heating, ventilation, and air conditioning system (HVAC system) for the building. ClimateMaster, Inc. (ClimateMaster) manufactured the HVAC system for the building, which was to have utilized geo-thermal resources for both heating and cooling of the building.

Eric L. Cianchette later assigned the contract to the Cianchette Family, LLC (Cianchette). Cianchette brought suit against Maine Air and ClimateMaster for negligence, breach of express warranty, breach of implied warranty of fitness for a particular purpose, breach of contract, breach of warranties, and Cianbro for breach of contract, negligence, and breach of warranties. Maine Air filed a lien and counterclaims against Cianchette and parties-in-interest Citizens Bank New Hampshire and Portland Regency, Inc. Cianbro now moves to stay the proceedings and arbitrate the matter pursuant to the general contract between Chianchette and Cianbro, and the subcontract between Maine Air and Cianbro. Maine Air moves to consolidate this action with another in which Maine Air and ClimateMaster are defendants.

## DISCUSSION

"[A] provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract." 14 M.R.S.A. § 5927 (2003). The Maine Uniform Arbitration Act states that if a party applies to compel arbitration, and the opposing party claims there is no such arbitration agreement, "the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if" the court finds for the moving party. 14 M.R.S.A. § 5928(1). Furthermore, the Law Court has stated

> Maine has a broad presumption favoring substantive arbitrability. The presumption requires a finding that the dispute has been subjected to arbitration if (1) the parties have generally agreed to arbitrate disputes, and (2) the party seeking arbitration presents a claim that, on its face, is governed by the arbitration agreement. Because of this strong legislative policy, a court will find a dispute arbitrable unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of arbitration.

<u>V.I.P., Inc. v. First Tree Dev. Ltd. Liab. Co.</u>, 2001 ME 73, ¶4, 770 A.2d 95, 96 (internal citations and quotations omitted).

The parties in this case who are subject to the arbitration agreements, Cianbro, Cianchette, and Maine Air, do not object to the agreement or dispute its existence. The court, therefore, finds that these three parties should submit to binding arbitration pursuant to the general contract. The general contract appears to provide that all parties with an interest in the dispute should be allowed to participate. ClimateMaster should be allowed to participate in the arbitration. The claims and counterclaims by and against ClimateMaster should be stayed pending the resolution of the arbitration.[1]

Consolidation of civil actions is appropriate where "actions involving a common question of law or fact are pending before the court." M.R. Civ. P. 42 (2003). In this case, the only commonalities between the two actions are two the defendants and the type of HVAC system. It would be burdensome to force parties that are not involved in the other suit to attend discovery depositions when there is no connection between the two actions. They did not arise from the same occurrence, and different parties are involved in each. In addition, it is likely that the arbitration will resolve many of the issues present in this case, but not in the <u>Black Point Inn</u> case. The motion to consolidate, therefore, should be denied.

---

[1] Cianbro moves that this court allow discovery to continue and that this discovery be admissible in the binding arbitration. This court rules that the parties (or in this case the assignor of the contract) agreed to the terms of arbitration in advance, and that therefore the parties should arbitrate pursuant to the rules set forth in their arbitration agreement contained in the general contract.

Cianbro further moves this court to set dates by which mediation and arbitration should be completed. This court, again, finds that the parties have agreed upon the terms of arbitration. This court will, however, require that a notice be filed with the American Arbitration Association within 30 days of the filing of this order pursuant to section 13.3 of the general contract.

WHEREFORE, this court GRANTS defendant Cianbro Corporation's motion compel arbitration. This court further DENIES defendant W.H. Demmons, Inc., d/b/a Maine Air Condition's motion to consolidate.

Dated: January 29, 2004

Roland A. Cole
Justice, Superior Court

4

JOTHAM PIERCE JR ESQ
ONE MONUMENT SQUARE
PORTLAND ME 04112

JAMES BOWIE ESQ
PO BOX 4630
PORTLAND ME 04112

DAVID PERKINS ESQ
PO BOX 449
PORTLAND ME 04112

F COURTS
and County
Box 287
ne 04112-0287

MICHELLE ALLOTT ESQ
PO BOX 4726
PORTLAND ME 04112

COURTS
County
287
04112-0287

PAULA HOUSE MCFAUL ESQ
26 SAWYER STREET
SCARBOROUGH ME 04074