STATE OF MAINE                  SUPERIOR COURT
PENOBSCOT, SS.                  CIVIL ACTION
                               Docket No. CV-05-241
                               PEN-JLH-5/18/06

Michael Boothby et al.,
        Plaintiffs

FILED & ENTERED
SUPERIOR COURT
MAY 18 2006
PENOBSCOT COUNTY

v.                             Order

Toyota Motor Credit Corp. et al.,
        Defendants

Pending before the court are several motions relating directly and indirectly to the issue of whether the parties' claims are subject to mandatory, binding arbitration. The court has considered the parties' submissions on the motions.

The plaintiffs have asserted various causes of action, all of which arise directly out of the defendants' repossession of a vehicle that they had leased from defendants Toyota Motor Credit Corporation and Toyota Financial Services. Those defendants have filed a counterclaim alleging that the plaintiffs breached the terms of the lease agreement. The parties' written lease agreement included the following term:

44.     Arbitration – Except as set forth below, any controversy or claim between you and us, including any claim by you against any of our parents, wholly or majority owned subsidiaries, affiliates, predecessors, successors, servicers or assigns; and all of the officers, directors and employees of such entities, shall at the request of either you or us; be determined by neutral arbitration. . . .Any claims arising out of or relating to the Lease or any related agreement or relationships resulting therefrom are subject to arbitration, including, but not limited to: claims relating to the negotiation of the Lease, advertising or solicitation to the Lease, Lease charges, Lease termination, violations of the Consumer Leasing Act, state leasing and disclosure laws, federal or state consumer protection statutes or regulations; enforcement of any obligation under the Lease; and whether a matter is subject to this Arbitration Agreement. . . .To the extent permitted by law, the arbitrator shall not have any authority to award punitive damages. . . .IF ANY PARTY ELECTS ARBITRATION WITH RESPECT TO A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT; TO HAVE A JURY TRIAL ON THAT CLAIM; TO ENGAGE IN PREARBITRATION DISCOVERY EXCEPT AS PROVIDED FOR IN THE

1

RULES OF THE ADMINISTRATOR; OR TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO SUCH CLAIM. THE ARBITRATOR'S DECISION WILL BE FINAL AND BINDING. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT MAY NOT BE AVAILABLE IN ARBITRATION.

(Capitalization in original.) The defendants contend that this provision of the parties' agreement requires them to submit their claims to binding arbitration.[1]

The parties' arguments implicate the issue of substantive arbitrability. This issue in turn is determined by resort to conventional principles of contract interpretation. *See Barrett v. McDonald Investments, Inc.*, 2005 ME 43, ¶ 17, 870 A.2d 146, 150. In some instances, contractual arbitration provisions are entitled to a presumption of applicability and enforceability. *See V.I.P., Inc. v. First Tree Development Limited Liability Co.*, 2001 ME 73, ¶ 4, 770 A.2d 95, 96. With such a presumption, a dispute is "deemed arbitrable unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *Barrett*, 2005 ME 43, ¶ 16, 870 A.2d at 150 (citation and internal punctuation omitted). This presumption of arbitrability, however, does not apply if the provisions of the arbitration agreement are not actually negotiated (that is, when they are included in a "take it or leave it" contract) or if the parties are not of equal bargaining power. *Id.*, ¶¶ 18, 22, 870 A.2d at 150, 151. In those instances, ambiguities in the applicability and scope of the arbitration agreement are construed against the drafter. Because of the nature of the transaction that underlies the claims at bar, the court construes the terms of the arbitration provision in the more restrictive manner prescribed by *Barrett*.

Even with that restrictive reading, however, the agreement requires that all of the parties' claims – except for the plaintiffs' claim for an award of punitive damages – are

---

[1] The lessor of the vehicle was Down East Toyota. The universe of parties who are subject to the arbitration agreement goes well beyond the lessor and would encompass the two Toyota defendants. A third party, Acadia Recovery, allegedly effected the actual repossession. The motion to compel arbitration has been filed by all three defendants. The court does not reach the question of whether the claims against Acadia are subject to arbitration, because the plaintiffs' opposition to the demand for arbitration does not distinguish among the positions that the defendants may have in relation to the plaintiffs' claims and the roles they allegedly played in the transaction underlying those claims.

2

subject to binding arbitration. The scope of the arbitration agreement comprehensively and unambiguously requires the parties, upon election by any of them, to submit their claims to that forum. The defendants have invoked arbitration, thus triggering that mechanism for resolving all but one of the pending claims.

The exception is the plaintiffs' claim for punitive damages. The arbitration agreement noted above divests the arbitrator from acting on such a claim. The agreement does not clearly purport to prevent a claimant from seeking exemplary damages in another forum, such as in court. Rather, it at least excludes this aspect of the plaintiffs' claim from mandatory, binding arbitration.

The plaintiffs argue that the defendants have waived their right to divert their claims from the courts to arbitration. Their reliance on *Saga Communications of New England, Inc. v. Voornas*, 2000 ME 156, 756 A.2d 954, is unavailing. Unlike the arbitration proponent in that case, the defendants at bar have not "undertaken a course of action inconsistent with [their]. . .present insistence upon its contractual right to arbitration." *Id.*, ¶ 12, 756 A.2d at 959. When the question of waiver is examined, "[t]he relevant question is whether the parties have litigated substantial issues going to the merits of the arbitrable claim without any indication that, despite the dispute's presence in court, a party intends to exercise its contractual right to arbitration." *Id*, ¶ 12, 756 A.2d at 959. In *Saga Communication*, before it sought to invoke arbitration, the plaintiff waited until after the court had ruled on several important motions (which rulings were unfavorable to its interests) in a setting where the delay was more material than it is here. In this case, the Toyota defendants promptly raised the specter of arbitration in their joint responsive pleading and have not taken any action (including the communication of any settlement offers) that would justify a finding that it has waived a contractual right to which the plaintiffs agreed.


The entry shall be:

For the foregoing reasons, the defendants' motion to compel arbitration is granted. The parties shall proceed to arbitration of all claims set out in the complaint and counterclaim with the exception of the plaintiffs' claim for an award of punitive damages, and this proceeding is stayed pending the arbitration proceeding.

3

The plaintiffs' motion to strike the defendants' affirmative defense of arbitration is denied.

The defendants' motion to strike plaintiffs' exhibit B is denied, although the court has considered that document solely as evidence of the fact of settlement efforts and not as evidence of the substance of any proposals.

Dated: May 18, 2006

_____
Justice, Maine Superior Court

4

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2005-00241

**DOCKET RECORD**

MICHAEL BOOTHBY  - PLAINTIFF
31 KINGS COURT
BREWER ME 04412
Attorney for: MICHAEL BOOTHBY
N LAURENCE WILLEY JR - RETAINED 10/06/2005
WILLEY LAW OFFICES
15 COLUMBIA STREET, SUITE 501
PO BOX 924
BANGOR ME 04402-0924


Attorney for: MICHAEL BOOTHBY
THOMAS M MATZILEVICH  - RETAINED 10/06/2005
WILLEY LAW OFFICES
15 COLUMBIA STREET, SUITE 501
PO BOX 924
BANGOR ME 04402-0924


KIMBERLY BOOTHBY  - PLAINTIFF
31 KINGS COURT
BREWER ME 04412
Attorney for: KIMBERLY BOOTHBY
N LAURENCE WILLEY JR - RETAINED 10/06/2005
WILLEY LAW OFFICES
15 COLUMBIA STREET, SUITE 501
PO BOX 924
BANGOR ME 04402-0924


Attorney for: KIMBERLY BOOTHBY
THOMAS M MATZILEVICH  - RETAINED 10/06/2005
WILLEY LAW OFFICES
15 COLUMBIA STREET, SUITE 501
PO BOX 924
BANGOR ME 04402-0924



vs
TOYOTA MOTOR CREDIT CORPORATION - DEFENDANT
THE PRENTICE HALL CORP SYSTEM, 45 MEMORIAL CIRCLE
AUGUSTA ME 04330
Attorney for: TOYOTA MOTOR CREDIT CORPORATION
JAMES NIXON  - RETAINED 11/09/2005
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


TOYOTA FINANCIAL SERVICES - DEFENDANT
,
Attorney for: TOYOTA FINANCIAL SERVICES
JAMES NIXON  - RETAINED 11/09/2005
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402

ACADIA RECOVERY INC - DEFENDANT

BANGOR ME 04402HELL, P O BOX 1401
Attorney for: ACADIA RECOVERY INC
DANIEL RAPAPORT  - WITHDRAWN 01/05/2006
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


Attorney for: ACADIA RECOVERY INC
JAMES NIXON  - RETAINED 12/29/2005
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


Filing Document: COMPLAINT                    Minor Case Type: UNFAIR TRADE PRACTICES
Filing Date: 10/06/2005

## Docket Events:

10/06/2005 FILING DOCUMENT - COMPLAINT FILED ON 10/06/2005

10/12/2005 Party(s):  MICHAEL BOOTHBY,KIMBERLY BOOTHBY
          NOTE - OTHER CASE NOTE ENTERED ON 10/07/2005
          EXHIBIT A TO THE COMPLAINT FILED BY PLAINTIFF.

10/13/2005 Party(s):  MICHAEL BOOTHBY
          ATTORNEY - RETAINED ENTERED ON 10/06/2005
          Plaintiff's Attorney: N LAURENCE WILLEY JR

          Party(s):  KIMBERLY BOOTHBY
          ATTORNEY - RETAINED ENTERED ON 10/06/2005
          Plaintiff's Attorney: N LAURENCE WILLEY JR

10/13/2005 Party(s):  MICHAEL BOOTHBY
          ATTORNEY - RETAINED ENTERED ON 10/06/2005
          Plaintiff's Attorney: THOMAS M MATZILEVICH

          Party(s):  KIMBERLY BOOTHBY
          ATTORNEY - RETAINED ENTERED ON 10/06/2005
          Plaintiff's Attorney: THOMAS M MATZILEVICH

10/13/2005 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 10/12/2005
          TO ATTORNEYS FOR PLAINTIFF.

10/13/2005 NOTE - OTHER CASE NOTE ENTERED ON 10/13/2005
          COPY OF COMPLAINT FORWARDED TO CONSUMER AND ANTITRUST DIVISION, OFFICE OF THE ATTORNEY
          GENERAL, 6 STATE HOUSE STATION, AUGUSTA ME  04333-0006

11/04/2005 Party(s):  TOYOTA FINANCIAL SERVICES
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 10/25/2005
          OFFICER'S RETURN OF SERVICE AS TO DEFENDANT TOYOTA FINANCIAL SERVICES BY PRENTICE HALL
          CORP. SYSTEM, AGENT.