STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        DOCKET NO: CV-10-645
                                        RAC - CUM- 4/28/2011


CAROLINE IRWIN and
ELIZABETH OSMER,

                Plaintiffs,
                                                        ORDER

        v.

PINETREE RETIREMENT
PLANNING, P.A.,

                                        STATE OF MAINE
                Defendant               Cumberland, SS Clerk's Office

                                        APR 2 8 2011

                                        RECEIVED

        Plaintiffs Caroline Irwin and Elizabeth Osmer worked as insurance agents

for defendant Pinetree Retirement Planning, P.A., pursuant to identical Agency

Agreements governing the terms of the commercial relationship. The plaintiffs

filed this action against Pinetree seeking a declaration that the written Agency

Agreements are unconscionable, illegal, and void or voidable, and that the

plaintiffs were employees rather than independent contractors as specified in

those Agreements. They also allege violations of the Title 26, section 629

prohibition against unfair employment agreements, various wage violations, and

fraud.

        Defendant Pinetree now moves to stay these proceedings and compel

arbitration pursuant to the clause contained in the Agency Agreements. Ms.

Irwin and Ms. Osmer oppose arbitration on a number of grounds. First, they

claim that the Agreements are unenforceable so the arbitration clause should

have no legal effect. Similarly, they contend that they were fraudulently induced

to enter the Agreements so they should not be compelled to arbitrate. They argue

1

that their claims under Maine's employment law should be substantively exempt from arbitration, and that the plain language of the arbitration clause does not reach their claims because the claims do not "arise out of or relate to" the Agreements.

Maine's Uniform Arbitration Act instructs:

> [A] provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract. This chapter also applies to arbitration agreements between employers and employees . . . unless otherwise provided in the agreement.

14 M.R.S. § 5927 (2010).

Whether a contract or agreement exists is a separate question from whether it is valid and enforceable. *Sleeper Farms v. Agway, Inc.*, 211 F. Supp. 2d 197, 201 (D. Me. 2002); *see Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04 (1967) (claim of fraud in the inducement of contract generally does not necessarily invalidate an arbitration clause where the clause itself was not procured by fraud). The Agency Agreements at issue in this case indisputably did exist, so "Maine's 'broad presumption favoring substantive arbitrability governs further consideration of the action.'" *Macomber v. MacQuinn-Tweedie*, 2003 ME 121, ¶ 13, 834 A.2d 131, 136 (quoting *V.I.P., Inc. v. First Tree Dev., LLC*, 2001 ME 73, ¶ 4, 770 A.2d 95, 96).

The court has not been directed to any law or authority indicating that wage and employment actions are not arbitrable, and the plain language of section 5927 strongly indicates that the plaintiffs' claims are subject to the Arbitration Act. While Maine does have "a broad presumption in favor of arbitration," however, it is also a fundamental principle of contract law that "ambiguities in a contract are to be interpreted against the drafter." *Barrett v.*

2

*McDonald Investments, Inc.*, 2005 ME 43, ¶ 15, 870 A.2d 146, 149. The Agreements' arbitration clause provides:

> Any dispute or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by binding arbitration conducted in Auburn, Maine, in accordance with the rules of the American Arbitration Association . . . .

(Compl. Ex. A § 25.)

The substance of the plaintiffs' complaint is that they were deceived about the precise scope and meaning of certain clauses in the Agreements, that the Agreements are unenforceable, that contrary to the terms of the Agreements the plaintiffs were employees and not independent contractors, and that they are therefore entitled to recover unpaid wages and overtime. While the plaintiffs do not allege breach of contract, it would be disingenuous to say that their claims do not relate to the Agency Agreements.

The Agreements purportedly governed the working relationship between the plaintiffs and the defendant. The question of whether the Agreements are valid and controlling, or whether they are unenforceable and the laws governing employment relationships generally should apply, is central to the plaintiffs' case. The plaintiffs' claims are inextricably related to the substance of the Agreement and plainly fall within the ambit of the arbitration clause. *See Barrett*, 2005 ME 43, ¶ 21, 870 A.2d at 151 (where arbitration clause was contained in contract of adhesion, clause's broad language did not encompass claims unrelated to the substance of the contract).

Finally, the plaintiffs' claim for fraud in the inducement of the Agreement as a whole does not prevent the action from being submitted to an arbitrator. The United States Supreme Court squarely addressed this question under the analogous Federal Arbitration Act in 1967 by requiring "that when a contract

3

contains a mandatory arbitration clause, a claim of fraud in the inducement of the contract must be resolved by an arbitrator, not the courts." *Barrett*, 2005 ME 43, ¶ 26, 870 A.2d at 152 (Alexander, J., concurring) (citing *Prima Paint Corp.*, 388 U.S. at 403–04); *see Maxwell v. Greentree Fin. Servicing Corp.*, 1997 Me. Super. LEXIS 162 (May 19, 1997) (Brennan, J.); *Murphy v. Miley*, 1992 Me. Super. LEXIS 47 (Apr. 8, 1993) (Fritzsche, J.); *Sleeper Farms*, 211 F. Supp. 2d 197, 201 (D. Me. 2002). The court notes that this is not a case in which the arbitration clause would divert the plaintiffs' claims into a tribunal that is controlled by the defendant or is otherwise inherently suspect. *See Barrett*, 2005 ME 43, ¶ 3, 870 A.2d at 148 (arbitration to be conducted by defendant's affiliate organization); *id.* ¶ 30, 870 A.2d at 154 (Alexander, J., concurring) (discussing the danger of limiting arbitration to internal industry forums); *Hooters of America, Inc. v. Phillips*, 173 F.3d 933, 938–40 (4th Cir. 1999) (arbitration clause unenforceable where employer controlled forum and process).

**The entry is:**

The defendant's motion to compel arbitration pursuant to Section 25 of the Agency Agreements is granted. This action is stayed pending arbitration, except that the parties may file and respond to offers of judgment submitted within ten (10) days of this order pursuant to Maine Rule of Civil Procedure 68.

DATE: April 28, 2011

Roland A. Cole
Justice, Superior Court

4

CAROLINE IRWIN ET AL VS PINETREE RETIREMENT PLANNING PA
UTN:AOCSsr  -2010-0133246                    CASE #:PORSC-CV-2010-00645
-------------------------------------------------------------------------

01 0000007728          BIRGEL CUNNINGHAM, ANNE
     ONE PORTLAND SQUARE PO BOX 586 PORTLAND ME 04112-0586
     F     CAROLINE IRWIN                     PL        RTND    12/21/2010
     F     ELIZABETH OSMER                    PL        RTND    12/21/2010

02 0000001673          GARCIA, PETER
     95 MAIN STREET PO BOX 3200 AUBURN ME 04212-3200
     F     ELIZABETH OSMER                    PL        RTND    02/28/2011
     F     PINETREE RETIREMENT PLANNING PA    DEF       RTND    02/28/2011