ENTERED JUL 2 8 2014

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-14-84
JAW-CUM-06-10-14

SUNSET HILL INVESTMENTS, LLC,
et. al.

    Plaintiffs

    v.

THE LODGES CONDOMINIUM
ASSOCIATION,

    Defendant

and

PETER RICE, et. al.

    Parties-in-Interest.

ORDER ON MOTION TO
DISMISS COMPLAINT AND
COMPEL ARBITRATION

STATE OF MAINE
Cumberland. ss. Clerk's Office

JUN 10 2014

RECEIVED

This matter is before the Court on defendant's motion to dismiss the complaint and compel arbitration. For the following reasons, the motion is granted.

## BACKGROUND

The following facts are taken from plaintiffs' complaint. The defendant condominium association deeded an easement to plaintiff Sunset Hill Investments, LLC and its assigns, granting access over Whip Willow Farm Road. (Compl. ¶¶ 18-19.) The easement was granted to provide access to owners in the Lodges Mountain Homes Subdivision. (Compl. ¶ 19.) Defendant is responsible for maintaining the easement, but plaintiffs and the other subdivision owners are responsible for reimbursing the defendant for their "percentage share" of the costs as defined in the easement deed. (Compl. ¶¶ 21-24.)

Beginning in July 2012, defendant sent multiple invoices for monthly dues for easement costs to plaintiffs. (Compl. ¶¶ 28, 30, 32.) After receiving each invoice, the plaintiffs demanded that defendant provide copies of bills for the incurred expenses, but each time defendant refused to provide any documentation. (Compl. ¶¶ 29, 31, 33.) On December 20, 2013, defendant filed Notices of Assessment for each of the lots in the Lodges Mountain Homes Subdivision. (Compl. ¶¶ 35-36.) One of the lots in the subdivision came under contract in January 2014. (Compl. ¶ 37.) After the purchaser's attorney discovered the amount of the unpaid lien, however, the purchaser backed out of the deal. (Compl. ¶¶ 37-40.) This suit followed.

Plaintiffs' complaint includes three counts: slander of title (count I), tortious interference with a contractual relationship (count II), and breach of contract (count III). Defendant argues that plaintiffs agreed that all claims relating to the easement must be arbitrated at defendant's election. The easement deed contains the following provision:

> **Section 7. Dispute, Venue and Jurisdiction.** At the election of Grantor and upon written notice by Grantor to Grantee: (a) any dispute or claim arising from or relating to this Easement Deed shall be submitted to binding arbitration in accordance with the rules of the American Arbitration Association, which shall take place in Portland, Maine, unless otherwise agreed to by Grantor . . . .

(Pl.s' Compl. Ex. D.)[1] Plaintiffs do not dispute that its claims are subject to the arbitration provision (Pls.' Opp. Mem. at 5.), but argue that defendant has waived its right to arbitration.

---

[1] The Court can look at the easement deed on this motion to dismiss because it is attached to the complaint. Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶ 10, 843 A.2d 43.

2

## DISCUSSION

Because this is a motion to dismiss, the Court accepts the facts alleged in plaintiffs' complaint as true. Richardson v. Winthrop Sch. Dep't, 2009 ME 109, ¶ 5, 983 A.2d 400. When facts are not in dispute, "the determination of whether a party has waived its contractual right to arbitration is a question of law . . . ." Saga Commc'ns of New England v. Voornas, 2000 ME 156, ¶ 7, 756 A.2d 954. "In evaluating whether waiver has occurred, each case must be evaluated upon its specific facts; there are no bright line rules." Id. ¶ 11. Because of the strong presumption in favor of arbitration, "waiver is not to be lightly inferred." Id.; see also V.I.P., Inc. v. First Tree Dev., LLC, 2001 ME 73, ¶ 4, 770 A.2d 95 ("Maine has a broad presumption favoring substantive arbitrability.").

A party may have waived its right to arbitrate if it has "undertaken a course of action inconsistent with its present insistence upon its contractual right to arbitration." Saga Commc'ns of New England, 2001 ME 73, ¶ 12, 770 A.2d 95. Waiver is present if "the party now seeking to compel arbitration . . . ha[s] demonstrated a preference for litigation over arbitration." Id. (quotation marks omitted). Even where a party has initiated the litigation, it may not have waived its right to arbitration. See Hall v. Internet Capital Group, Inc., 338 F. Supp.2d 145, 153 (D. Me. 2004) (finding no waiver where plaintiffs filed complaint and moved to compel arbitration twenty-two months later).

In this case, defendant did not initiate the litigation. Defendant has only filed the present motion to compel arbitration, which it promptly filed in lieu of an answer. Plaintiffs argue that by issuing plaintiffs the invoices, refusing to provide the requested bills, and then filing the Notices of Assessment, defendant waived its right to arbitration. The Court rejects this argument. Waiver occurs

3

when a party initially chooses to pursue litigation and then attempts to compel arbitration after availing itself of court processes. Defendant has not pursued litigation in this case; it has therefore not waived its right to arbitration.

The entry is:

> Defendant's motion to compel arbitration is GRANTED and this matter is stayed pending arbitration.

Dated: 6\10\14

Joyce A. Wheeler
Justice, Superior Court

PA-Maura Horodyski Esq
DA (The Lodges Condo Assoc.)-Frank Chowdry Esq

4