STATE OF MAINE                          SUPERIOR COURT
YORK, ss.                               DOCKET NO. ALFSC-CV-19-011


TPR, INC. d/b/a TEQUILA FROGS and   )
BULL AND BREW                       )
                                    )
                Plaintiff,          )           ORDER ON DEFENDANT'S
                                    )            MOTION TO DISMISS
        v.                          )                  AND
                                    )           COMPEL ARBITRATION
PAYCHEX, INC.                       )
                                    )
                Defendant.          )

Plaintiff TPR, Inc. brings this action for breach of contract, fraud, negligence, and

punitive damages against Defendant, Paychex, Inc., based on allegations relating to Defendant's

provision of payroll tax payment services on behalf of Plaintiff. Defendant now moves to

dismiss Plaintiff's complaint pursuant to M.R. Civ. P. 12(b)(6) and to compel arbitration of the

present dispute as provided in the parties' contract.

## I.   Background

Plaintiff is a Maine corporation with its principal place of business in Old Orchard Beach,

Maine. (Compl. ¶ 1.) Defendant is a Delaware corporation with a place of business in Auburn,

Maine. (Compl. ¶ 2.) In April of 2017, Plaintiff entered into a contract with Defendant whereby

Defendant agreed to perform payroll tax payment services for Plaintiff. (Compl. ¶ 3.)

In November of 2017, TPR's president discovered that Paychex had not paid quarterly

and year-end taxes on its behalf since the end of May, 2017. (Compl. ¶¶ 4-5.) TPR alleges

Paychex cancelled its tax payment services in June of 2017 without prior notice or authorization,

then falsely claimed that it had done so at TPR's request. (Compl. ¶¶ 7-8.) TPR suffered

damages as a result of Paychex's actions. (Compl. ¶ 12.)

1

In support of its Motion to Dismiss and Compel Arbitration, Paychex submitted a copy of what it purported to be the contract at issue, dated May 7, 2012. (Def.'s Mot. Dismiss, Ex. A.) Apparently having realized the May 2012 contract was not the April 2017 contract alleged in the Complaint, Defendant's counsel supplemented the record at oral argument with a copy of a nine-page contract dated April 25, 2017, as alleged in the complaint. (*See* Def.'s Ex. 1.) The parties further agreed that Plaintiff could supplement the record with a copy of what it purports was the version of the parties' contract it received. (*See* Pl.'s Ex. 1.)

Paragraph 20 of Defendant's Exhibit 1 provides, in pertinent part: "Except as provided herein, any dispute arising out of, or in connection with, the Agreement will be determined only by binding arbitration in Rochester, New York, in accordance with the commercial rules of the American Arbitration Association. . . ." (Def.'s Ex. 1, at 4.)

For its part, Plaintiff alleges it only received the first two pages of the parties' contract. (Pl.'s Opp.; Pl.'s Aff.) Both Plaintiff's and Defendant's supplemental exhibits contain language above the signature block indicating Plaintiff "has read and agrees to the terms and conditions set forth in sections 1-[22 or 24] of this Agreement." (Pl.'s Ex. 1; Def.'s Ex. 1.) While the pages of Defendant's Exhibit 1 are numbered "[X] of 9[,]" the pages of Plaintiff's Exhibit 1 are numbered "[X] of 13[.]" (Pl.'s Ex. 1; Def.'s Ex. 1.) In other words, Plaintiff's Exhibit 1 is not a portion of the same contract as Defendant's Exhibit 1.

## II.   Analysis

Under both Maine and Federal law, courts will generally compel arbitration if (1) the parties have agreed to arbitrate their disputes, and (2) the parties' dispute falls within the scope of their arbitration agreement. *See V.I.P., Inc. v. First Tree Dev.*, 2001 ME 73, ¶ 4, 770 A.2d 95;

2

14 M.R.S. §§ 5927-5949; *Baker v. Securitas Sec. Servs. USA, Inc.*, 432 F. Supp. 2d 120, 123 (D. Me. 2006); 9 U.S.C. § 3.

At this preliminary stage—when factual disputes must be resolved in favor of the non-moving party—the Court cannot conclude as a matter of law that the parties entered into a valid agreement to arbitrate. In conjunction with the present motion, the parties have submitted three different versions of their contract. Moreover, the parties have each submitted sworn affidavits alleging contradictory facts pertinent to the substance of their agreement and, critically, whether there was a meeting of the minds on the question of arbitration.

Accordingly, the entry shall be:

"Defendant Paychex, Inc.'s Motion to Dismiss and Compel Arbitration is DENIED."

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

SO ORDERED.

Dated: May 14, 2019

John O'Neil, Jr.
Justice, Superior Court

Entered on the Docket on: 5/14

Copies sent to the following parties/counsel on: 5/14

Atty Weinstein

Atty Noonan

3

ALFSC-CV-19-11


ATTORNEYS FOR PLAINTIFF:

NEAL WEINSTEIN ESQ
LAW OFFICES NEAL WEINSTEIN
32 SACO AVENUE
OLD ORCHARD BEACH ME 04064-0660


ATTORNEYS FOR DEFENDANT


KYLE NOONAN ESQ
PIERCE ATWOOD
MERRILLS WHARF
254 COMMERCIAL ST
PORTLAND ME 04101