STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO. RE-19-201

MAINE COAST MASONRY LLC,

            Plaintiff
                                                  ORDER
v.


STACY SEYMOUR, et al.,

            Defendants

RECEIVED AND FILED
MAR 27 '20 PM CUMB...


Before the court are two motions by plaintiff Maine Coast Masonry: (1) a motion to dismiss the counterclaim filed by defendants Stacy and Jeffrey Seymour for failure to join necessary parties and in the alternative for an order requiring the joinder of the allegedly necessary parties and (2) a motion to dismiss the counterclaim for lack of subject matter jurisdiction and in the alternative to compel arbitration of the counterclaim.

Maine Coast Masonry (MCM) commenced this action against the Seymours alleging that they owe money for landscape and hardscape work performed by MCM at their property in Harpswell. MCM's complaint contains five counts: (1) a claim to enforce a lien pursuant to 10 M.R.S. §§ 3501 and 3251 against the property of both defendants; (2) a claim for a declaratory judgment against Stacy Seymour; (3) a breach of contract claim against Stacy Seymour; (4) an unjust enrichment claim against both defendants; and (5) a quantum meruit claim against both defendants.

The Seymours thereafter filed a counterclaim against MCM containing five counts: (1) breach of contract, (2) breach of warranty, (3) violation of the Home Construction Contract Act; (4) violation of the Unfair Trade Practice Act; and (5) slander of title.

**Plaintiff-Andre James Hungerford, Esq.**
**Defendant-Jason Rice, Esq.**

Necessary Parties

MCM argues that if anyone should be liable on the Seymours' counterclaims, it should be Mainely Tubs and Gagne & Sons rather than MCM. Mainely Tubs and Gagne & Sons apparently supplied certain hardscape materials installed at the Seymours' residence. Accordingly, MCM argues that the Seymours' counterclaim should be dismissed pursuant to M.R.Civ.P. 12(b)(7) and 19 for failure to join Mainely Tubs and Gagne & Sons. In the alternative, MCM argues that the Seymours should be ordered to join Mainely Tubs and Gagne & Sons.

First, even if Mainely Tubs and Gagne & Sons were necessary parties, dismissal would not be appropriate because there is no showing they cannot be joined. Moreover, they are not necessary Rule 19 parties in any sense. The Seymours are entitled to choose MCM as the party whom they seek to hold liable on their counterclaim. They are not required to join other parties just because MCM contends the other parties, rather than MCM, should be responsible for any damages owed to the Seymours.

There is no reason why complete relief cannot be afforded in the absence of Mainely Tubs and Gagne & Sons. At any trial MCM is entitled to point the finger at the absent parties and argue that those parties, not MCM, are responsible for the alleged defects on which the Seymours base their counterclaim. Nor do the absent parties claim any interest in the dispute between MCM and the Seymours that will be impaired if they are not made parties.

Finally, if MCM thinks that Mainely Tubs and Gagne & Sons should be made parties to this action, MCM can file a third-party complaint against them and bring them in as third-party defendants on the counterclaim pursuant to M.R.Civ.P. 14(b).

Subject Matter Jurisdiction and Arbitration

At the outset, MCM's argument that this court lacks subject matter jurisdiction over the Seymours' counterclaim because of an arbitration clause in the contract between MCM and Stacy Seymour can be summarily rejected. The court's subject matter jurisdiction is not limited or defined by provisions in a private contract. *See Windham Land Trust v. Jeffords,* 2009 ME 29 ¶ 21, 967 A.2d 690. The court is specifically granted jurisdiction under 14 M.R.S. § 5943 to enforce arbitration agreements.

Alternatively, MCM seeks an order compelling arbitration pursuant to the following provision contained in a contract signed by MCM and Stacy Seymour on or about April 24, 2019:

> The parties agree that disputes concerning the terms of this contract, except past due amounts owed by Homeowner, are subject to binding arbitration in accordance with the Maine Uniform Arbitration Act . . . . The Parties shall mutually agree in writing upon one neutral arbitrator located in Portland, Maine within 14 days of notification of a dispute. This Section does not prohibit Contractor from going to court to collect any past due amounts.

Hardscape Contract § 8. This arbitration provision – drafted by MCM[1] – is obviously one-sided, allowing MCM to pursue claims for past due amounts in court while sending disputes concerning "the terms of this contract" to arbitration.

---

[1] The contract, which is attached as Exhibit 1 to MCM complaint, is on a preprinted form titled "Hardscape Contract – Maine Coast Masonry LLC."

In its original motion MCM sought to compel both Stacy and Jeff Seymour to arbitrate with respect to the counterclaim. Because only Stacy Seymour signed the contract, however, MCM thereafter conceded in its Reply Memorandum that Jeff is not required to arbitrate his counterclaim but argues that Stacy Seymour should at least be compelled to arbitrate.[2]

At this point the court is constrained to note that there is some inconsistency with respect to Jeff Seymour's status in this case. The Hardscape Contract lists "Stacy & Jeff Seymour" as "Homeowner" but is signed only by Stacy. Presumably this is why MCM's declaratory judgment and breach of contract claims have been asserted only against Stacy. On the other hand, the Seymours' breach of contract and breach of warranty counterclaims are nominally brought in the name of both Stacy and Jeff Seymour. If Jeff Seymour is entitled to assert those counterclaims, there is at least a question whether he should be treated as a party to the contract for purposes of the arbitration clause.

This probably does not matter because Jeff Seymour does not have defenses or claims for damages independent of those possessed by his wife. If arbitration is ordered, it can proceed with Stacy as the signatory on the contract, and that will as a practical matter resolve her husband's claims as well.

Aside from that issue, however, the arbitration clause is itself problematic because by its express terms it covers "disputes concerning the terms of this contract" yet allows MCM to pursue past due amounts in court. This requires the court to consider which of the disputes between the parties in this case involve "the terms of the contract" and which do

---

[2] MCM Reply to Defendants' Opposition (Arbitration) dated February 18, 2020 at 1-2.

4

not. The court does not agree with MCM's argument that the arbitration provision should be interpreted to allow MCM to continue with what it apparently considers to be a collection action while relegating all of the Seymours' claims and defenses to arbitration.[3]

Because of the policy favoring arbitration, there is a principle that arbitration clauses should be interpreted as requiring arbitration unless "the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of arbitration." *VIP Inc. v. First Tree Development LLC*, 2001 ME 73 ¶ 4, 770 A.2d 95, quoting *Westbrook School Committee v. Westbrook Teachers Assn.*, 404 A.2d 204, 208 (Me. 1979).

At the same time the Law Court has also ruled that ambiguities in an arbitration provision should be interpreted against the party who drafted that provision, *Barrett v. McDonald Investments Inc.*, 2005 ME 43 ¶¶ 17-18, 820 A.2d 146. In this case that means, at a minimum, that "disputes concerning the terms of the contract" should not be interpreted any more broadly than disputes about the meaning of the contract and about its provisions.[4] Disputes of that nature are arbitrable, but disputes about performance or non-performance under the contract are not.

In this connection, if MCM had used the contract provisions set forth in the Home Construction Contract Act instead of using a contract containing a waiver of that Act, those

---

[3] In addition, when arbitration is ordered, it usually proceeds first, which in this case would mean that the case would stop while the Seymour's counterclaim went to arbitration.

[4] This would include whether the contract contains a valid waiver of the Home Construction Contract Act and , if not, whether there was any violation of that Act. Because the Seymours' Unfair Trade Practice Act claim (count 4 of their counterclaim) appears to be based solely on violation of the Home Construction Contract Act, *see* 10 M.R.S. § 1490 (violation of Home Construction Contract Act is prima facie evidence of a UTPA violation), that issue would be included as well.

provisions would have included a provision for arbitration of "disputes concerning the provisions of the contract *or the performance of the parties.*" 10 M.R.S. § 1487(8) (emphasis added). MCM omitted the italicized words in its arbitration provision, and the court assumes that was a considered choice to allow MCM to sue for past due amounts. MCM will be held to that choice.

In Counts One and Two of their counterclaim the Seymours allege that MCM did not complete its work under the contract. Counterclaim ¶ 7, 16. They also allege that MCM did not perform the contract work in a workmanlike and skillful manner.[5] *See* Counterclaim ¶¶ 6, 8, 17, 20-21. The latter appears to be their primary contention. These claims, if proven, would also constitute a defense to the claims in MCM's complaint.

Whether MCM completed its work under the contract might or might not amount to a dispute as to the terms of the contract. On that issue, the Seymours shall submit by May 6, 2020 an offer of proof with respect to their claim that MCM did not complete its work. MCM shall have 10 days to respond.[6] The court will then be able to determine whether the allegations in paragraphs 7 and 16 of the counterclaim constitute a dispute concerning the terms of the contract.

However, the issue of whether MCM performed the hardscape work in a workmanlike and skillful manner is not an issue that constitutes a "dispute concerning the terms of [the] contract" and is not subject to arbitration. Similarly, the Seymours' slander

---

[5] The written contract contains a warranty provision but, regardless of the contract language, contracts of this nature include an implied warranty that the work will be performed in a reasonably skillful and workmanlike manner. *See Gosselin v. Better Homes Inc.,* 256 A.2d 629, 639-40 (Me. 1969).

[6] In setting the above deadlines, the court has already taken into account the extension of deadlines set forth in the March 17, 2020 emergency order.

6

of title claim is not a dispute concerning "the terms of [the] contract" and is similarly not subject to arbitration.

Since arbitration is required for certain of the issues in the case but not others, the Seymours make the practical argument that the issues should not be fragmented and that all of the issues should be litigated in the court proceeding. Unfortunately, this does not appear to be the law. *See Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 217 (1985). To the same effect, Maine's arbitration statute states that when issues are severable, a stay should only be granted as those issues subject to arbitration. 14 M.R.S. § 5928(4).

The court therefore concludes that MCM's motion to compel arbitration should be granted in part and that arbitration shall proceed with respect to Counts Three and Four of the Seymours' counterclaim and with respect to the issue of whether MCM failed to complete its work under the contract – if the latter issue is found to be arbitrable. Proceedings with respect to those issue shall be stayed pending arbitration. To the extent that those issues can be severed from the other issues in the case, the remaining issues in the case need not necessarily be stayed. 14 M.R.S. § 5928(4). The court will, however, await subsequent submissions before deciding whether arbitration should proceed first.

The entry shall be:

1. Plaintiff Maine Coast Masonry's motion to dismiss defendants' counterclaim or in the alternative to require defendants to join other parties is denied.

2. Plaintiff Maine Coast Masonry's motion to dismiss defendants' counterclaim for lack of subject matter jurisdiction is denied.

3. Plaintiff's motion in the alternative to compel arbitration is granted in part and arbitration shall proceed on the claims in Counts Three and Four in defendants' counterclaim. Proceedings on those counts shall be stayed pending arbitration.

7

4. Plaintiff's motion to compel arbitration is denied with respect to the Seymours' claim of poor workmanship and with respect to their slander of title claim.

5. Because there is one other issue that may be subject to arbitration, defendants shall submit an offer of proof with respect to their claim that MCM did not complete its work on or before May 6, 2020. MCM shall have 10 days to respond.

6. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March 27, 2020

Thomas D. Warren
Justice, Superior Court

8