MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:       2020 ME 79
Docket:         Yor-19-229
Submitted
  On Briefs:    April 14, 2020
Decided:        June 2, 2020
Revised:        January 28, 2021

Panel:          MEAD, GORMAN, JABAR, and HUMPHREY, JJ., and HJELM, A.R.J.

TPR, INC.

v.

PAYCHEX, INC.

HUMPHREY, J.

[¶1]  Paychex, Inc., appeals from an order entered by the Superior Court (York County, *O'Neil, J.*) denying its motion to compel arbitration of, and dismiss all counts in, a complaint filed against it by TPR, Inc.  Because the court did not make the statutorily required determination as to whether the parties agreed to arbitrate the dispute, we vacate the order and remand for further proceedings.

## I.  BACKGROUND

[¶2]  We derive the following undisputed facts and procedure from the parties' pleadings and affidavits and the court's record.  *See Snow v. Bernstein,*

2

*Shur, Sawyer & Nelson, P.A.*, 2017 ME 239, ¶ 2, 176 A.3d 729; *Stenzel v. Dell, Inc.*, 2005 ME 37, ¶ 6, 870 A.2d 133.

[¶3] In 2017, TPR and Paychex entered into a contract whereby Paychex would provide payroll services to TPR. In January of 2019, TPR filed a complaint against Paychex in which it asserted claims for breach of contract, fraud, and negligence.

[¶4] Paychex moved to dismiss TPR's complaint and to compel arbitration, *see* 14 M.R.S. § 5928 (2020), arguing that its contract with TPR contains an arbitration clause that covers TPR's claims. With its motion, Paychex submitted an affidavit with an attached exhibit that Paychex represented to be the operative contract between it and TPR and that contains an arbitration clause. TPR, opposing Paychex's motion, submitted its own affidavit asserting that the exhibit submitted by Paychex is not the operative agreement between the parties. At a nontestimonial hearing on the matter, TPR presented the court with a different document—which it represented to be the actual operative agreement—that does not contain any arbitration clause.[1]

---

[1] To further complicate matters, at the hearing, Paychex acknowledged that the exhibit it submitted with its motion was not the operative agreement but was instead a prior contract between the parties; with the court's permission, Paychex then introduced a third version of the document—again containing an arbitration provision—that it asserts is the true agreement. Thus, the parties continue to dispute, and the court has not yet resolved, which of these documents constitutes the operative agreement between TPR and Paychex.

[¶5]  On May 14, 2019, the court denied Paychex's motion, explaining that, because the parties continue to dispute which document constitutes the operative agreement, "[a]t this preliminary stage—when factual disputes must be resolved in favor of the non-moving party—the Court cannot conclude as a matter of law that the parties entered into a valid agreement to arbitrate."

[¶6]  Paychex timely appealed.[2]  *See* M.R. App. 2B(c)(2)(D).

## II.  DISCUSSION

[¶7]  "We review a trial court's decision on a motion to compel arbitration for errors of law and for facts not supported by substantial evidence in the record."  *Stenzel*, 2005 ME 37, ¶ 6, 870 A.2d 133 (quotation marks omitted).

[¶8]  Title 14 M.R.S. § 5928(1) provides that if a party opposing a motion to compel arbitration "denies the existence of [an] agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised." Although we have never explained the process by which a court ruling on a motion to compel arbitration should "summarily" resolve quintessentially factual disputes—such as the one presented here—at this stage, we have repeatedly affirmed trial court determinations reached at this stage of

---

2    As the parties agree, interlocutory orders denying motions to compel arbitration are immediately appealable.  *See* 14 M.R.S. § 5945(1)(A) (2020).

4

proceedings regarding the existence and enforceability of arbitration agreements based on affidavits and exhibits. *See, e.g.*, *Snow*, 2017 ME 239, ¶¶ 7, 20-23, 176 A.3d 729; *Stenzel*, 2005 ME 37, ¶¶ 6, 9-13, 870 A.2d 133.

[¶9]  The trial court denied Paychex's motion without making the finding regarding arbitrability required by section 5928(1).  Rather, perhaps because Paychex misleadingly framed its motion as primarily a motion to dismiss the complaint, *see infra* n.3, the court denied the motion based entirely on the mere existence of a material factual dispute between the parties.  We agree with the trial court that the sparse record developed thus far does not permit such a determination as a matter of law; rather, in the confusing record presented to the court, the only clarity is that the parties dispute which of two exhibits—the one with the arbitration clause or the one without—constitutes their 2017 agreement.[3]  Accordingly, we vacate the judgment and remand for the court to "proceed summarily" to determine whether the parties agreed to arbitrate

---

[3]  In addition to the manner in which the parties presented multiple versions of the purported agreement to the court, the confusion seems to have been exacerbated by the conjunction of Paychex's motion to compel arbitration with its motion to dismiss TPR's complaint.  The substance of Paychex's motion, however, makes clear that its motion to dismiss was predicated upon the court granting its motion to compel arbitration—essentially, Paychex asked the court to compel arbitration of all of TPR's claims and then dismiss the (resulting empty) complaint.  We do not address whether dismissal, rather than a stay, would be proper in such a circumstance, *see* 14 M.R.S. § 5928(4) (2020); we note the issue only to explain why the pendency of the motion to dismiss did not obviate resolution of the factual dispute regarding the existence of an arbitration agreement.

5

TPR's claims.  14 M.R.S. § 5928(1).  This summary procedure may include, if the court deems it necessary, a period of limited discovery followed by adjudication pursuant to a summary judgment standard or even, should a genuine dispute remain, a testimonial hearing.[4]  *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773-76 (3d Cir. 2013).

The entry is:

> Judgment vacated.  Remanded for further proceedings consistent with this opinion.

---

5Dawn M. Harmon, Esq., Perkins Thompson, P.A., Portland, for appellant Paychex, Inc.

Neal L. Weinstein, Esq., Old Orchard Beach, for appellee TPR, Inc.

5York County Superior Court docket number CV-2019-11
FOR CLERK REFERENCE ONLY

---

[4] Because the very existence of an agreement to arbitrate remains unproved, we do not, despite TPR's urging, address whether TPR's fraud claim would fall within the scope of the arbitration provision in Paychex's version of the contract nor, indeed, whether the initial resolution of that question belongs to a court rather than to an arbitrator. *See Snow v. Bernstein, Shur, Sawyer & Nelson, P.A.*, 2017 ME 239, ¶ 10, 176 A.3d 729; *V.I.P., Inc. v. First Tree Dev. Ltd. Liab. Co.*, 2001 ME 73, ¶ 4, 770 A.2d 95.