STATE OF MAINE                    BUSINESS & CONSUMER DOCKET
CUMBERLAND, ss.                   LOCATION:  PORTLAND
                                 DOCKET NO. BCD-CIV-2021-00019


MEGAN J. LUCIER,              )
                             )
      Plaintiff,         )
                             )
v.                           )     ORDER DENYING MOTION TO STAY
                             )     IN FAVOR OF BINDING ARBITRATION
MARK S. LUCIER, et. al.,      )
                             )
      Defendants.        )
                             )


      This is a business dispute between two dentists (and their related dental practices) who are trying to separate their business interests. The relationship between the parties is governed by a Mutual Buyout Agreement (the "Buyout Agreement"). Defendant Mark Lucier ("Mark") has filed a Motion to Stay the litigation in favor of the Buyout Agreement's arbitration clause. Plaintiff Megan Lucier ("Megan") opposes the Motion on the grounds that the Buyout Agreement expressly exempts from the arbitration clause the particular issues in dispute in this case. Megan also argues that Mark has waived any right to insist on arbitration. For the reasons discussed below, the Court denies the Motion to Stay in favor of arbitration.

## DISCUSSION

      The Buyout Agreement covers all the usual terms associated with the purchase and sale of businesses: agreements to purchase and sell; closing date; purchase price; closing details; reps and warranties, etc. Section 12(o) provides in relevant part that: "Except as otherwise provided herein, disputes hereunder between Mark and Megan shall be settled

1

in accordance with this Section 12.o." Section 12(o)(iii) provides in relevant part that: "Except as otherwise provided herein, Megan and Mark shall submit all disputes that cannot be resolved by mediation to arbitration." The parties have gone to mediation, but some issues remain. Based on the provisions of Section 12(o), and the strong policy preference favoring arbitration, *V.I.P., Inc. v. First Tree Dev.*, 2001 ME 73, ¶ 4, 770 A.2d 95, Mark moves to stay the litigation and have the Court order the parties to arbitration.

However, Section 12(e) of the Buyout Agreement sets forth a detailed framework for auditing the businesses involved, to ensure neither Megan nor Mark have engaged in any accounting improprieties. The framework requires Megan and Mark to "provide their full cooperation to the Independent CPA during the course of his review and to permit access to any and all business records . . . ." If the auditor discovers the need for any material adjustments, the adjustments will be netted out from what "may be due one party or the other." Section 12(e) further provides that: "If either party should breach the covenants set forth in this Section, the non-breaching party may petition a court of competent jurisdiction for relief at law or equity without resorting to the dispute resolution provisions of Section 12.o." Based on the provisions of Section 12(e), Megan opposes the Motion and argues the case should remain in court.

Mark contends that Section 12(e) does not apply because the carve-out for court-based litigation is limited to Section 12(e)'s cooperation requirement. But the text does not support Mark's cramped reading of the carve-out. The provisions of Section 12(e) encompass more than the requirements for cooperation and access to records, and include the substantive determination of the auditor as to whether Megan or Mark engaged in any material accounting improprieties, and if so, what the set-off should be. In order to support

2

Mark's limited construal of the carve-out, the text would need to read: "If either party should breach the covenants set forth in *the preceding sentence . . .*" But that is not how the text reads. The carve-out by its express language applies to all the covenants contained in Section 12(e). The Court thus declines to adopt Mark's narrow interpretation of the carve-out language contained in Section 12(e).

An inspection of the Complaint along with the subsequent litigation indicate that this is a Section 12(e) case. To the extent there is any aspect of the case not directly tied to Section 12(e), the issues are related to Section 12(e). Disputes over the terms of Section 12(e) are carved out of Section 12(o)'s arbitration requirement. Accordingly, the Motion to Stay is denied.

The result would be the same even if the Section 12(e) carve-out did not apply because Mark has waived his right to insist on arbitration under Section 12(o). First, arbitration was not pled as an affirmative defense. Although this factor is not dispositive, it is instructive, especially when considered along with other factors. *See, e.g.*, *Health Care Auth. for Baptist Health v. Dickson*, 330 So. 3d 805, 809 (Al. 2021); *Oregel v. PacPizza, LLC,* 237 Cal. App. 4th 342, 354-355 (Ca. 2015). Mark participated in the litigation for over a year before moving to stay based on the arbitration clause. He filed substantive motions, agreed to an Interim Stipulation and Order, and generally participated in the litigation. Notably, Mark agreed to transfer this case into the Business & Consumer Court—without any indication that he intended to exercise a contractual right to arbitration. This act was a very clear, substantive expression of his preference to avail himself of the judicial forum.  His conduct manifested an objective intention to litigate this case in court rather than through arbitration. *See Saga Comm's of New England, Inc. v. Voornas,* 2000

3

ME 156, ¶ 12, 756 A.2d 954 (party waives by "undertak[ing] a course of action inconsistent with its present insistence upon its contractual right to arbitration"). It was not until new counsel appeared for Mark, a year after the case had been filed, that Mark sought to stay the litigation. At this point it would be inefficient to suddenly change the forum, and the cost and resulting delays would prejudice Megan. For all of these reasons, Mark has waived arbitration, and the Motion to Stay must be denied.

SO ORDERED.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

Date: **06/09/2022**

_____

Michael A. Duddy
Judge, Business and Consumer Docket

Entered on the docket: 06/10/2022